**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**POUGHKEEPSIE DIVISION**

---------------------------------------------------------------------X

In Re:

                                   **Case Number: 22-35165-CGM**
                                   **Chapter: 11**

Robert A. Lauridsen,

        Debtor(s).

---------------------------------------------------------------------X

## OBJECTION TO PLAN OF REORGANIZATION [DOC NO. 83]

COMES NOW Specialized Loan Servicing, LLC as servicer for Waterfall Victoria Grantor Trust II, Series G ("Secured Creditor"), by its attorneys, Bonial & Associates, P.C., and pursuant to Rule 3015 of the Federal Rules of Bankruptcy Procedure respectfully sets forth its *Objection to Confirmation of Plan* as follows:

1.      On March 25, 2022, the Debtor(s) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code as captioned above, which was subsequently converted to Chapter 11 on January 27, 2023.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1334 and 157 and 11 U.S.C. Sections 1322 and 1325.

3.      Debtor(s) are indebted to Secured Creditor on a loan secured by and encumbering certain real property commonly known as <u>1011 Rt 308, Rhinebeck, New York 12572</u> ("Property").  Said loan is evidenced by a Promissory Note, Mortgage, and Assignment(s) and loan modification, as may be applicable.  Copies of the applicable loan documents are attached to Secured Creditor's Proof of Claim timely filed herein as Claim #2, which is attached hereto as <u>Exhibit A</u>.

4.      Pursuant to the terms of the Note and Mortgage, the Debtor(s) are required to tender payments to Secured Creditor.  The loan number of Secured Creditor ends in xxxxxx0130.

5.      Debtor(s) filed a proposed Chapter 11 Plan of Reorganization on 07/17/2023 [Doc. No. 83] in this case ("Plan").  Secured Creditor's claim and interest is addressed in Article 3, Paragraph 2 of the Plan "Allowed Secured Claims and provides as follows:

> Class 2 consists of all Allowed Secured Claims. The only Class 2 Allowed Secured Claim is the secured loan on Debtor's residence owed to Specialized Loan Servicing LLC ("Secured Lender") in the Allowed Amount of $273,926.09 (the "Secured Loan"). Debtor will pay this Allowed Secured Claim at the contract rate of $1,538.17, monthly. Arrears of $124,212.32 will be paid over the balance of the life of the mortgage beginning on the Effective Date and continuing for approximately (18) years at the rate of $626.32 per month. The Secured Loan comes due on July 1, 2041, under the Modification Agreement.
>
> The Secured Loan is discussed below in the section "Unimpaired Status of Secured Loan and Right to Cure Over Time"

| Claimant | POC/Petition | Claim Amount Allowed | Monthly Payment (213 payments) |
|---|---|---|---|
| Specialized Loan Servicing LLC 6200 S. Quebec Street, Suite 300 Greenwood Village, CO 80111 | POC 2-1 | 273,926.09 Interest bearing arrears-$66,733.00. Non-interest-bearing arrears-$57,479.23 | $1,538.17 (principal, interest, and escrow at contract rate) $473.24 (interest bearing arrears @ 5% per annum) $270.00 (non-interest bearing arrears) $2,281.41 Total per month |

**Right to Vote**. Class 2 is not Impaired under the Plan and is not entitled to vote to accept or reject the Plan, as such Claim will be paid, at the contract rate with all arrears are being paid with interest where appropriate over approximately 18 years pursuant to the Plan.

6.      The Plan is objectionable and does not comply with 11 U.S.C. §1325 for the following reasons:

A. The Plan mischaracterizes the Secured Creditor as "not impaired". Courts have consistently given the term "impaired" as used in 11 U.S.C. §1124 a very broad interpretation such that any alteration in a creditor's legal rights or privileges constitutes an impairment. *In re Monclova Care Ctr., Inc.* 254 B.R. 167, 176 (Bankr. N.D. Oh. 2000) *citing In re Club Associates*, 107 B.R. 385, 401(Bankr. N.D.Ga. 1989).    Even an

improvement in a creditor's rights can constitute an impairment under a Chapter 11 Plan. *Id.* at 177, *citing In re Union Meeting Partners*, 160 B.R. 757,771 (Bankr. E.D.Pa. 1993).

B. "The Bankruptcy Code creates a presumption of impairment 'so as to enable a creditor to vote on acceptance of the plan.' Under 11 U.S. Code § 1124(1) the presumption of impairment is overcome only if the plan 'leaves unaltered the creditor's legal, equitable, and contractual rights.' The burden is placed on the debtor to demonstrate the plan leaves the creditor's rights unaltered." *In re LATAM Airlines Grp. S.A.,* 2022 Bankr. LEXIS 1725, citing Solow v. PPI Enters. (U.S.), Inc. (In re PPI Enters. (U.S.), Inc.), 324 F.3d 197,203 (3d Cir. 2003).   Alternatively, Section 1124(2) will consider a creditor unimpaired if the conditions set forth in subsections A through E are met.

C. Secured Creditor submits that a proposed cure of pre-petition arrearages over 18 years does not meet the standard articulated in Section 1124(2)(A).  The Second Circuit legal authorities are clear that the ability to cure a default under Chapter 11 is identical to the same ability under Chapter 13.  *Ridgewood Sav. Bank v. DePietto (In re DePietto)* 2021 U.S. Dist. LEXIS 144001, citing *In re Taddeo* 685 F.2d 24(2d Cir. 1982) in observing that the Second Circuit likens Section 1322(b) to Section 1124 in applying the Taddeo principles to a debtor's proposed cure under Chapter 11.

D. For the foregoing reasons, Secured Creditor states that it is impaired, is entitled to cast a ballot regarding any Plan proposed by Debtor, and as

presently proposed, opposes the Plan and would cast its ballot against confirmation.

7.    The Plan does not adequately protect Secured Creditor for the foregoing reasons and confirmation should be denied.

**WHEREFORE**, Secured Creditor prays that confirmation of Debtor's Chapter 11 Plan be denied, together with such other relief as this Court deems just and proper.

Dated: <u>August 11, 2023</u>

BONIAL & ASSOCIATES, P.C.

/s/ Wesley T. Kozeny
Wesley T. Kozeny
12400 Olive Blvd, Suite 555
St. Louis, Missouri 63141
Phone: (314) 991-0255
Fax: (314) 991-6755
NYBK@BonialPC.Com
Attorney for Specialized Loan Servicing
LLC

4151-N-5804

| Fill in this information to identify the case: |
| --- |

| Debtor 1 | Robert A. Lauridsen | 🛨 |
| --- | --- | --- |

| Debtor 2 | |
| --- | --- |
| (Spouse, if filing) | |

United States Bankruptcy Court for the: Southern District of New York

Case number  22-35165-cgm

## Official Form 410
# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

| 1. Who is the current creditor? | U.S. Bank Trust, N.A., as Trustee for Waterfall Victoria Grantor Trust II, Series G, |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. Has this claim been acquired from someone else? | ☑ No |
| --- | --- |
| | ☐ Yes.  From whom? |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- | --- |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Statebridge Company, LLC | Statebridge Company, LLC |
| | Name | Name |
| | 6061 South Willow Drive, Suite 300, | 6061 South Willow Drive, Suite 300, |
| | Number      Street | Number      Street |
| | Greenwood Village   CO   80111 | Greenwood Village   CO   80111 |
| | City      State      ZIP Code | City      State      ZIP Code |
| | Contact phone | Contact phone |
| | Contact email | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |

| 4. Does this claim amend one already filed? | ☑ No | |
| --- | --- | --- |
| | ☐ Yes.  Claim number on court claims registry (if known) _____ | Filed on _____ MM / DD  / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
| --- | --- |
| | ☐ Yes.  Who made the earlier filing? |

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __8__ __4__ __7__ __5__ |

| | |
|---|---|
| 7. How much is the claim? | $ _____273,926.09__. Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money Loaned |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:**   Recorded Mortgage-1011 Route 308, Rhinebeck, NY 12572<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**   $ _____<br>**Amount of the claim that is secured:**   $ ____273,926.09<br>**Amount of the claim that is unsecured:** $_____0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $ ____124,212.32<br><br>**Annual Interest Rate** (when case was filed) __5.00_ %<br>☑ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $ _____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use  11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4) | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

### Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

*Check the appropriate box:*

☐   I am the creditor.

☑   I am the creditor's attorney or authorized agent.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   __05/10/2022__
                         MM / DD / YYYY

/s/ Denise Singh Skeete
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Denise Singh Skeete | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorneys for Creditor | | |
| Company | Kosterich & Skeete, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 707 Westchester Ave, Suite 302 | | |
| | Number     Street | | |
| | White Plains, NY 10604 | | |
| | City | State | ZIP Code |
| Contact phone | 914 395 0055 | Email | |

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of the Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case Number: | 22-35165 | Principal balance: | 172,893.80 | Principal & interest due: | 78,802.50 | Principal & Interest: | 997.50 |
| Debtor 1: | ROBERT LAURIDSEN | Interest due: | 57,479.23 | Prepetition fees due: | 6,282.40 | Monthly escrow: | 540.67 |
| Debtor 2: | | Fees, costs due: | 6,282.40 | Escrow deficiency for funds advanced: | 38,167.14 | Private mortage insurance: | 0.00 |
| Last 4 digits to identify: | 8475 | Escrow deficiency for funds advanced: | 38,167.14 | Projected escrow shortage: | 1,856.76 | Total monthly payment: | 1,538.17 |
| Creditor: | Statebridge Company, LLC | Less funds on hand: - | -896.48 | Less funds on hand: - | -896.48 | | |
| | | Total debt: | 273,926.09 | Total prepetition arrearage: | 124,212.32 | | |

Servicer:                Statebridge Company, LLC

Fixed accrual/daily        Fixed
simple interest/other:

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 997.50 | | 997.50 | Regular Payment | 9/1/15 | 997.50 | | | | | | 175336.60 | | -21273.50 | 753.30 | -1185.32 |
| | 997.50 | | 997.50 | Regular Payment | 10/1/15 | 1995.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 11/1/15 | 2992.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 12/1/15 | 3990.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 1/1/16 | 4987.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 2/1/16 | 5985.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 3/1/16 | 6982.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 4/1/16 | 7980.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 5/1/16 | 8977.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 6/1/16 | 9975.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 7/1/16 | 10972.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 8/1/16 | 11970.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 9/1/16 | 12967.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 10/1/16 | 13965.00 | | | | | | | | | | |

**(12/15)**

# Mortgage Proof of Claim Attachment

22-35165-cgm    Claim 2-1    Filed 05/10/22    Pg 5 of 81

Case Number: 22-35165

Debtor 1: ROBERT LAURIDSEN

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal blance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 997.50 | | 997.50 | Regular Payment | | 11/1/16 | 14962.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 12/1/16 | 15960.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 1/1/17 | 16957.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 2/1/17 | 17955.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 3/1/17 | 18952.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 4/1/17 | 19950.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 5/1/17 | 20947.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 6/1/17 | 21945.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 7/1/17 | 22942.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 8/1/17 | 23940.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 9/1/17 | 24937.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 10/1/17 | 25935.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 11/1/17 | 26932.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 12/1/17 | 27930.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 1/1/18 | 28927.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 2/1/18 | 29925.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 3/1/18 | 30922.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 4/1/18 | 31920.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 5/1/18 | 32917.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 6/1/18 | 33915.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 7/1/18 | 34912.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 8/1/18 | 35910.00 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | | 9/1/18 | 36907.50 | | | | | | | | | | |
| 9/29/18 | | -607.64 | | Unapplied Payment | | 12/1/14 | | | | | | -607.64 | | | | | -1792.96 |
| 9/29/18 | | 607.64 | | Stipulation Unapplic | | 12/1/14 | | | | | | 607.64 | | | | | -1185.32 |
| 10/18/18 | 997.50 | | 997.50 | Regular Payment | | 10/1/18 | 37905.00 | | | | | | | | | | |
| 10/18/18 | | | -15.00 | Inspections | | 12/1/14 | | | | | -15.00 | | | | | 768.30 | |
| 11/30/18 | 997.50 | | 997.50 | Regular Payment | | 11/1/18 | 38902.50 | | | | | | | | | | |
| 11/30/18 | | | -15.00 | Inspections | | 12/1/14 | | | | | -15.00 | | | | | 783.30 | |
| 12/29/18 | 997.50 | | 997.50 | Regular Payment | | 12/1/18 | 39900.00 | | | | | | | | | | |
| 12/29/18 | | | -15.00 | Inspections | | 12/1/14 | | | | | -15.00 | | | | | 798.30 | |
| 1/9/19 | 997.50 | | 997.50 | Regular Payment | | 1/1/19 | 40897.50 | | | | | | | | | | |
| 1/9/19 | | -607.64 | | Stipulation Unapplic | | 12/1/14 | | | | | | -607.64 | | | | | -1792.96 |

# Mortgage Proof of Claim Attachment

(12/15)

Case Number: 22-35165

Debtor 1: ROBERT LAURIDSEN

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/9/19 | | 607.64 | 607.64 | Unapplied Payment | 12/1/14 | | | | | | 607.64 | | | | | -1185.32 |
| 2/8/19 | 997.50 | -1437.41 | 997.50 | Regular Payment | 2/1/19 | 41895.00 | | | -1437.41 | | | | | -22710.91 | | |
| 2/16/19 | | | -15.00 | Tax Bill 1 Disbursen | 2/28/19 | | | | | -15.00 | | | | | 813.30 | |
| 2/16/19 | | | -15.00 | Inspections | 12/1/14 | | | | | -15.00 | | | | | 828.30 | |
| 3/31/19 | | | -15.00 | Inspections | 12/1/14 | | | | | -15.00 | | | | | 843.30 | |
| 4/25/19 | 997.50 | 997.50 | 997.50 | Regular Payment | 3/1/19 | 42802.50 | | | | | | | | | | |
| 4/25/19 | 997.50 | 997.50 | 997.50 | Regular Payment | 4/1/19 | 43890.00 | | | | | | | | | | |
| 4/25/19 | | -607.64 | -607.64 | Unapplied Payment | 12/1/14 | | | | | | -607.64 | | | | | -1792.96 |
| 4/25/19 | | 607.64 | 607.64 | Prepetition Unapplic | 12/1/14 | | | | | | 607.64 | | | | | -1185.32 |
| 5/1/19 | 997.50 | 997.50 | 997.50 | Regular Payment | 5/1/19 | 44887.50 | | | | | | | | | | |
| 5/9/19 | | -1044.00 | -1044.00 | Insurance Premium 1 | 6/8/19 | | | | -1044.00 | | | | | -23754.91 | | |
| 5/14/19 | 997.50 | 997.50 | 997.50 | Regular Payment | 12/1/14 | 44887.50 | 266.93 | 730.57 | | | | 175069.67 | | | | |
| 5/14/19 | | 502.50 | 502.50 | Unapplied Payment | 1/1/15 | | | | | | 502.50 | | | | | -682.07 |
| 5/14/19 | | -1453.11 | -1453.11 | Stipulation Unapplie | 12/1/14 | | | | | | -1453.11 | | | | | -2135.93 |
| 5/14/19 | 997.50 | 997.50 | 997.50 | Regular Payment | 12/1/14 | 44887.50 | 266.93 | 730.57 | | | | 174802.74 | | | | |
| 5/15/19 | | 455.61 | 455.61 | Escrow Only Payme | 1/1/15 | | | | 455.61 | | | | | -23299.30 | | |
| 5/15/19 | | -502.50 | -502.50 | Unapplied Payment | 1/1/15 | | | | | | -502.50 | | | | | -2638.43 |
| 5/15/19 | 997.50 | -997.50 | -997.50 | Regular Payment | 1/1/15 | 44887.50 | -266.93 | -730.57 | | | | 175069.67 | | | | |
| 5/15/19 | | 1500.00 | 1500.00 | Stipulation Unapplie | 12/1/14 | | | | | | 1500.00 | | | | | -1138.43 |
| 5/20/19 | 997.50 | 997.50 | 997.50 | Regular Payment | 12/1/14 | 44887.50 | 266.93 | 730.57 | | | | 174802.74 | | | | |
| 5/20/19 | | -997.50 | -997.50 | Stipulation Unapplie | 1/1/15 | | | | | | -997.50 | | | | | -2135.93 |
| 6/28/19 | 997.50 | -997.50 | -997.50 | Regular Payment | 6/1/19 | 45885.00 | -266.93 | -730.57 | | | | | | | | |
| 6/28/19 | | 997.50 | 997.50 | Stipulation Unapplie | 12/1/14 | | | | | | 997.50 | | | | | -1138.43 |
| 6/28/19 | 997.50 | 997.50 | 997.50 | Regular Payment | 1/1/15 | 45885.00 | 266.93 | 730.57 | | | | 175069.67 | | | | |
| 7/9/19 | 997.50 | -997.50 | -997.50 | Regular Payment | 7/1/19 | 46882.50 | -266.93 | -730.57 | | | | | | | | |
| 7/9/19 | | -100.00 | -100.00 | FC Attorney Fee | 1/1/15 | | | | | -100.00 | | | | | 943.30 | |
| 7/9/19 | 997.50 | 997.50 | 997.50 | Regular Payment | 8/1/15 | 47480.00 | | | | | | | | | | |
| 8/2/19 | | 1500.00 | 1500.00 | Stipulation Unapplie | 1/1/15 | | | | | | 1500.00 | | | | | 361.57 |
| 8/2/19 | | -1453.11 | -1453.11 | Stipulation Unapplie | 1/1/15 | | | | | | -1453.11 | | | | | -1091.54 |
| 8/2/19 | 997.50 | 997.50 | 997.50 | Regular Payment | 1/1/15 | 47880.00 | 268.04 | 729.46 | | | | 174801.63 | | | | |
| 8/2/19 | | 455.61 | 455.61 | Escrow Only Payme | 2/1/15 | | | | 455.61 | | | | | -22843.69 | | |
| 8/2/19 | 997.50 | 997.50 | 997.50 | Regular Payment | 9/1/19 | 48877.50 | | | | | | | | | | |

# Mortgage Proof of Claim Attachment

(12/15)

Case Number: 22-35165

Debtor 1: ROBERT LAURIDSEN

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/20/19 | | -3440.68 | | Tax Bill 1 Disbursen | 10/2/19 | | | | -3440.68 | | | | | -26284.37 | | |
| 9/24/19 | | | 100.00 | FC Attorney Fee | 2/1/15 | | | | | 100.00 | | | | | 843.30 | |
| 10/3/19 | 997.50 | | | Regular Payment | 10/1/19 | 49975.00 | | | | | | | | | | |
| 10/16/19 | | 1500.00 | | Stipulation Unapplie | 2/1/15 | | | | | | 1500.00 | | | | | 408.46 |
| 10/16/19 | | -1453.11 | | Stipulation Unapplie | 2/1/15 | | | | | | -1453.11 | | | | | -1044.65 |
| 10/16/19 | 997.50 | 997.50 | | Regular Payment | 2/1/15 | 49975.00 | 269.16 | 728.34 | | | | 174532.47 | | | | |
| 10/16/19 | | 455.61 | | Escrow Only Payme | 3/1/15 | | | | 455.61 | | | | | -25828.76 | | |
| 11/1/19 | 997.50 | | | Regular Payment | 11/1/19 | 50872.50 | | | | | | | | | | |
| 12/1/19 | 997.50 | | | Regular Payment | 12/1/19 | 51870.00 | | | | | | | | | | |
| 1/1/20 | 997.50 | | | Regular Payment | 1/1/20 | 52867.50 | | | | | | | | | | |
| 2/1/20 | 997.50 | | | Regular Payment | 2/1/20 | 53865.00 | | | | | | | | | | |
| 2/4/20 | | 1500.00 | | Stipulation Unapplic | 3/1/15 | | | | | | 1500.00 | | | | | 455.35 |
| 2/4/20 | | -1453.11 | | Stipulation Unapplie | 3/1/15 | | | | | | -1453.11 | | | | | -997.76 |
| 2/4/20 | 997.50 | 997.50 | | Regular Payment | 3/15 | 53865.00 | 270.28 | 727.22 | | | | 174262.19 | | | | |
| 2/4/20 | | 455.61 | | Escrow Only Payme | 4/15 | | | | 455.61 | | | | | -25373.15 | | |
| 2/14/20 | | -1443.26 | | Tax Bill 1 Disbursen | 2/28/20 | | | | -1443.26 | | | | | -26816.41 | | |
| 3/6/20 | 997.50 | | | Regular Payment | 3/1/20 | 54862.50 | | | | | | | | | | |
| 3/6/20 | | 1500.00 | | Stipulation Unapplie | 4/15 | | | | | | 1500.00 | | | | | 502.24 |
| 3/6/20 | | -997.50 | | Stipulation Unapplie | 4/15 | | | | | | -997.50 | | | | | -495.26 |
| 3/6/20 | 997.50 | 997.50 | | Regular Payment | 4/15 | 54862.50 | 271.41 | 726.09 | | | | 173990.78 | | | | |
| 4/1/20 | 997.50 | | | Regular Payment | 4/1/20 | 55860.00 | | | | | | | | | | |
| 5/1/20 | 997.50 | | | Regular Payment | 5/1/20 | 56857.50 | | | | | | | | | | |
| 5/12/20 | | -1363.00 | | Insurance Premium 1 | 6/8/20 | | | | -1363.00 | | | | | -28179.41 | | |
| 5/18/20 | | 1500.00 | | Stipulation Unapplie | 5/15 | | | | | | 1500.00 | | | | | 1004.74 |
| 5/18/20 | | -1453.11 | | Stipulation Unapplie | 5/15 | | | | | | -1453.11 | | | | | -448.37 |
| 5/18/20 | 997.50 | 997.50 | | Regular Payment | 5/15 | 56857.50 | 272.54 | 724.96 | | | | 173718.24 | | | | |
| 5/18/20 | | 455.61 | | Escrow Only Payme | 6/1/15 | | | | 455.61 | | | | | -27723.80 | | |
| 5/28/20 | | | -12.00 | Inspections | 6/1/15 | | | | | -12.00 | | | | | 855.30 | |
| 6/1/20 | 997.50 | 997.50 | | Regular Payment | 6/1/20 | 57855.00 | | | | | | | | | | |
| 6/15/20 | | 1500.00 | | Stipulation Unapplie | 6/1/15 | | | | | | 1500.00 | | | | | 1051.63 |
| 6/15/20 | 997.50 | 997.50 | | Regular Payment | 6/1/15 | 57855.00 | 273.67 | 723.83 | | | | 173444.57 | | | | |
| 6/15/20 | | -1453.11 | | Stipulation Unapplie | 7/1/15 | | | | | | -1453.11 | | | | | -401.48 |
| 6/15/20 | | 455.61 | | Escrow Only Payme | 7/1/15 | | | | 455.61 | | | | | -27268.19 | | |

Offical Form 410A

Mortgage Proof of Claim Attachment

# Mortgage Proof of Claim Attachment

Case Number: 22-35165

Debtor 1: ROBERT LAURIDSEN

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/27/20 | 997.50 | | 997.50 | Regular Payment | 7/1/20 | 58852.50 | | | | | | | | | | |
| | | 1500.00 | 1500.00 | Stipulation Unapplie | 7/1/15 | | | | | | 1500.00 | | | | | 1098.52 |
| 7/28/20 | | -997.50 | -997.50 | Stipulation Unapplie | 7/1/15 | | | | | | -997.50 | | | | | 101.02 |
| 7/28/20 | 997.50 | 997.50 | 997.50 | Regular Payment | 7/1/15 | 58852.50 | 274.81 | 722.69 | | | | 173169.76 | | | | |
| 7/28/20 | | -997.50 | -997.50 | Unapplied Payment | 8/1/15 | | | | | | -997.50 | | | | | -896.48 |
| 7/28/20 | 997.50 | 997.50 | 997.50 | Regular Payment | 8/1/20 | 59850.00 | 275.96 | 721.54 | | | | 172893.80 | | | | |
| 8/14/20 | | -1286.34 | -1286.34 | Stipulation Unapplie | 8/1/15 | | | | | | -1286.34 | | | | | -2182.82 |
| 8/14/20 | | 1286.34 | 1286.34 | Unapplied Payment | 8/1/15 | | | | | | 1286.34 | | | | | -896.48 |
| 8/14/20 | | -607.64 | -607.64 | Prepetition Unapplic | 8/1/15 | | | | | | -607.64 | | | | | -1504.12 |
| 8/14/20 | | 607.64 | 607.64 | Unapplied Payment | 8/1/15 | | | | | | 607.64 | | | | | -896.48 |
| 8/28/20 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 867.30 | |
| | 997.50 | | 997.50 | Regular Payment | 9/1/20 | 60847.50 | | | | | | | | | | |
| 9/17/20 | | -3217.14 | -3217.14 | Tax Bill 1 Disbursem | 10/1/20 | | | | -3217.14 | | | | | -30485.33 | | |
| | | 997.50 | 997.50 | Regular Payment | 10/1/20 | 61845.00 | | | | | | | | | | |
| 10/6/20 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 879.30 | |
| 10/13/20 | | | 15.00 | BPO | 9/1/15 | | | | | 15.00 | | | | | 864.30 | |
| 10/13/20 | | | 45.00 | Inspections | 9/1/15 | | | | | 45.00 | | | | | 819.30 | |
| 10/30/20 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 831.30 | |
| | 997.50 | | 997.50 | Regular Payment | 11/1/20 | 62842.50 | | | | | | | | | | |
| | 997.50 | | 997.50 | Regular Payment | 12/1/20 | 63840.00 | | | | | | | | | | |
| 12/29/20 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 843.30 | |
| 12/29/20 | | | -100.00 | FC Attorney Fee | 9/1/15 | | | | | -100.00 | | | | | 943.30 | |
| | 997.50 | | 997.50 | Regular Payment | 1/1/21 | 64837.50 | | | | | | | | | | |
| 1/28/21 | | | -85.00 | BPO | 9/1/15 | | | | | -85.00 | | | | | 1028.30 | |
| | 997.50 | | 997.50 | Regular Payment | 2/1/21 | 65835.00 | | | | | | | | | | |
| 2/8/21 | | -1384.81 | -1384.81 | Tax Bill 1 Disbursem | 2/28/21 | | | | -1384.81 | | | | | -31870.14 | | |
| 2/8/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 1040.30 | |
| 2/8/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 1052.30 | |
| 2/9/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 1064.30 | |
| 2/26/21 | | | -420.00 | FC Attorney Fee | 9/1/15 | | | | | -420.00 | | | | | 1484.30 | |
| 2/26/21 | | | -417.24 | FC Attorney Cost | 9/1/15 | | | | | -417.24 | | | | | 1901.54 | |
| 2/26/21 | 997.50 | 997.50 | 997.50 | Regular Payment | 3/1/21 | 66832.50 | | | | | | | | | | |

# Mortgage Proof of Claim Attachment

Case Number: 22-35165

Debtor 1: ROBERT LAURIDSEN

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/30/21 | | | -337.50 | FC Attorney Fee | 9/1/15 | | | | | -337.50 | | | | | 2239.04 | |
| 3/30/21 | | | -7.51 | FC Attorney Cost | 9/1/15 | | | | | -7.51 | | | | | 2246.55 | |
| 3/31/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 2258.55 | |
| 4/22/21 | 997.50 | | 997.50 | Regular Payment | 4/1/21 | 67830.00 | | | | | | | | | | |
| 4/22/21 | | -1453.00 | | Insurance Premium 1 | 4/20/21 | | | | -1453.00 | | | | | -33323.14 | | |
| 4/30/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 2270.55 | |
| 5/1/21 | 997.50 | | 997.50 | Regular Payment | 5/1/21 | 68827.50 | | | | | | | | | | |
| 5/28/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 2282.55 | |
| 6/1/21 | 997.50 | | 997.50 | Regular Payment | 6/1/21 | 69825.00 | | | | | | | | | | |
| 6/24/21 | | | -112.50 | FC Attorney Fee | 9/1/15 | | | | | -112.50 | | | | | 2395.05 | |
| 6/24/21 | | | -1260.00 | FC Attorney Fee | 9/1/15 | | | | | -1260.00 | | | | | 3655.05 | |
| 6/24/21 | | | -448.01 | FC Attorney Cost | 9/1/15 | | | | | -448.01 | | | | | 4103.06 | |
| 6/28/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 4115.06 | |
| 6/28/21 | | | -85.00 | BPO | 9/1/15 | | | | | -85.00 | | | | | 4200.06 | |
| 7/1/21 | 997.50 | | 997.50 | Regular Payment | 7/1/21 | 70822.50 | | | | | | | | | | |
| 7/9/21 | | | -420.00 | FC Attorney Fee | 9/1/15 | | | | | -420.00 | | | | | 4620.06 | |
| 7/9/21 | | | -345.00 | FC Attorney Cost | 9/1/15 | | | | | -345.00 | | | | | 4965.06 | |
| 7/26/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 4977.06 | |
| 8/1/21 | 997.50 | | 997.50 | Regular Payment | 8/1/21 | 71820.00 | | | | | | | | | | |
| 8/10/21 | | | -97.84 | FC Attorney Cost | 9/1/15 | | | | | -97.84 | | | | | 5074.90 | |
| 9/1/21 | 997.50 | | 997.50 | Regular Payment | 9/1/21 | 72817.50 | | | | | | | | | | |
| 9/1/21 | | | -250.00 | FC Attorney Fee | 9/1/15 | | | | | -250.00 | | | | | 5324.90 | |
| 9/13/21 | | -3456.78 | | Tax Bill 1 Disbursen | 10/2/21 | | | | -3456.78 | | | | | -36779.92 | | |
| 9/23/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 5336.90 | |
| 10/1/21 | 997.50 | | 997.50 | Regular Payment | 10/1/21 | 73815.00 | | | | | | | | | | |
| 10/27/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 5348.90 | |
| 11/1/21 | 997.50 | | 997.50 | Regular Payment | 11/1/21 | 74812.50 | | | | | | | | | | |
| 11/30/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 5360.90 | |
| 12/1/21 | 997.50 | | 997.50 | Regular Payment | 12/1/21 | 75810.00 | | | | | | | | | | |
| 12/31/21 | | | -12.00 | Inspections | 9/1/15 | | | | | -12.00 | | | | | 5372.90 | |
| 12/31/21 | | | -85.00 | BPO | 9/1/15 | | | | | -85.00 | | | | | 5457.90 | |
| 1/1/22 | 997.50 | | 997.50 | Regular Payment | 1/1/22 | 76807.50 | | | | | | | | | | |
| 2/1/22 | 997.50 | | 997.50 | Regular Payment | 2/1/22 | 77805.00 | | | | | | | | | | |

(12/15)

# Mortgage Proof of Claim Attachment

Case Number:    22-35165

Debtor 1:    ROBERT LAURIDSEN

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/9/22 | | | -562.50 | FC Attorney Fee | 9/1/15 | | | | | -562.50 | | | | | 6020.40 | |
| 2/11/22 | | -1387.22 | | Tax Bill 1 Disbursen | 2/28/22 | | | | -1387.22 | | | | | -38167.14 | | |
| 3/24/22 | 997.50 | | 997.50 | Regular Payment | 3/1/22 | 78802.50 | | | | | | | | | | |
| 3/24/22 | | | -12.00 | BPO | 9/1/15 | | | | | -12.00 | | 172893.80 | | | 6032.40 | |
| 3/25/22 | | | -250.00 | FC Attorney Fee | 9/1/15 | 78802.50 | | | | -250.00 | | | | -38167.14 | 6282.40 | -896.48 |

| | | | | | |
|---|---|---|---|---|---|
| Case No.: | 22-35165 | | | | |
| Debtors: | ROBERT LAURIDSEN | | | SS No. | |
| Address: | 1011 RT 308 | | | | |
| | RHINEBECK | NY | 12572 | | |
| Loan No: | 8475 | | | | |

On filing petition 03/25/2022 debtor(s) owed claimant $172,893.80 plus interest on arrearages at 5.000000% per annum (rate at petition) from 09/01/2015.

ARREARAGES owed as of 03/25/2022, the date of filing of the petition.

| From Date | Through Date | Type of Charge | # | Unit Charge | Total |
|---|---|---|---|---|---|
| 09/01/2015 | 03/01/2022 | Payment @ 5% | 79 | $997.50 | $78,802.50 |
| | | Late Charge | | | $678.30 |
| | | FC Attorney Fee | | | $3,462.50 |
| | | FC Attorney Cost | | | $1,315.60 |
| | | BPO | | | $252.00 |
| | | Inspections | | | $249.00 |
| | | Prior Serv. Misc | | | $325.00 |
| | | Escrow Deficiency | | | $38,167.14 |
| | | Escrow Shortage | | | $1,856.76 |
| | | Unapplied | | | $-896.48 |
| | | | Subtotal | | **$124,212.32** |
| | | | **Total:** | | **$124,212.32** |

The above figures represent the delinquency at the time of filing and do not reflect payments received after the date of filing of the bankruptcy.

Late charges accrue to the account when payments are received 15 days past the payment due date.

Loan agreements that provided for interest calculated at a daily simple rate will be reset to reflect a standard amortization rate during the pendency of your current bankruptcy.

Case No.: 22-35165

Debtors: ROBERT LAURIDSEN                                SS No.

Address: 1011 RT 308

        RHINEBECK          NY          12572

Loan No: 8475

On filing petition 03/25/2022 debtor(s) owed claimant total debt of $273,926.09.

| The Total Debt owed at petition: | |
|---|---|
| Principal Balance | $172,893.80 |
| Interest | $57,479.23 |
| Late Charge | $678.30 |
| FC Attorney Fee | $3,462.50 |
| FC Attorney Cost | $1,315.60 |
| BPO | $252.00 |
| Inspections | $249.00 |
| Prior Serv. Misc | $325.00 |
| Escrow Deficiency | $38,167.14 |
| Unapplied | $-896.48 |

**Total Debt:**                                **$273,926.09**

The above figures represent the owed at the time of filing and do not reflect payments received after the date of filing of the bankruptcy.

Statebridge Company, LLC services the underlying mortgage loan and note for the property referenced in this proof of claim for Waterfall Victoria Grantor Trus II, G In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Waterfall Victoria Grantor Trus II, G.

Noteholder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

**STATEBRIDGE.**

Statebridge Company, LLC
6061 S. Willow Drive
Suite 300
Greenwood Village, CO 80111
For Inquiries: (866) 466-3360

Analysis Date: March 25, 2022

ROBERT LAURIDSEN
1011 ROUTE 308
RHINEBECK NY 12572

Loan:
Property Address:
1011 RT 308
RHINEBECK, NY 12572

### Annual Escrow Account Disclosure Statement

### Results

You are receiving this statement because you have an escrow account. You deposit money into the escrow account monthly and we pay your property taxes, property insurance, and mortgage insurance on your behalf based on the settings of your account. Once a year, we are required by law to review your escrow account. This statement provides the results of this review. It includes a history of the activity in your escrow account since the last analysis along with the expected activity for the next year.

Based on the results of this analysis, we anticipate the following change in your monthly payment.

| Payment Information | Current | Effective 4/1/2022 |
|---|---|---|
| Principal and Interest | $997.50 | $997.50 |
| Escrow Payment | $0.00 | $540.67 |
| Total Payment | $1,453.11 | $1,538.17 |

### Activity Since Last Statement

This is a statement of the actual activity in your escrow account from Mar 2022 to Mar 2022. This may include anticipated transactions for the period between this statement and when it goes into effect.

| Month | Description | Anticipated Payment To Escrow | Actual Payment To Escrow | | Description | Anticipated Disb. From Escrow | Actual Disb. From Escrow | Required Escrow Balance | Actual Escrow Balance |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Starting Balance | | | 1,856.76 | (38,167.14) |
| | | | | E | Anticipated Transactions | | | 1,856.76 | (38,167.14) |
| Mar 2022 | | | | E | | | | | (38,167.14) |
| | Totals: | $0.00 | $0.00 | | | $0.00 | $0.00 | | |

*Difference in expected vs actual. E - Anticipated escrow account activity.

### Starting Escrow Balance Calculation

Loan                                          Page 1

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.

STATEBRIDGE.

| Escrow Balance at time of statement (3/25/2022) | 1,856.76 |
| Anticipated Escrow Payments | 0.00 |
| Anticipated Pmts from Escrow | $0.00 |
| Anticipated Escrow Balance: | $1,856.76 |

**Projections for Coming Year**

Your ending balance from the last month of the account history (escrow balance anticipated) is $1,856.76. Your starting balance (escrow balance required) per this analysis should be 1,856.76. Your Escrow account has neither a shortage or a surplus.

**Surplu /Shortage Calculation**

| Anticipated Starting Escrow Balance | $1,856.76 |
| Required Escrow Balance Based On Projection | $1,856.76 |
| Surplus: | $0.00 |

Projection Detail

| Month | Anticipated Payment To Escrow | Anticipated Payment From Escrow | Description | Anticipated Escrow Balance | Required Escrow Balance |
|---|---|---|---|---|---|
| | | | Starting Balance | 1,856.76 | 1,856.76 |
| Apr 2022 | 540.67 | | | 2,397.43 | 2,397.43 |
| May 2022 | 540.67 | 1,644.00 | Hazard Insurance | 1,294.10 | 1,294.10 |
| Jun 2022 | 540.67 | | | 1,834.77 | 1,834.77 |
| Jul 2022 | 540.67 | | | 2,375.44 | 2,375.44 |
| Aug 2022 | 540.67 | | | 2,916.11 | 2,916.11 |
| Sep 2022 | 540.67 | | | 3,456.78 | 3,456.78 |
| Oct 2022 | 540.67 | 3,456.78 | School | 540.67 | 540.67 |
| Nov 2022 | 540.67 | | | 1,081.34 | 1,081.34 |
| Dec 2022 | 540.67 | | | 1,622.01 | 1,622.01 |
| Jan 2023 | 540.67 | | | 2,162.68 | 2,162.68 |
| Feb 2023 | 540.67 | 1,387.22 | Township/Village | 1,316.13 | 1,316.13 |
| Mar 2023 | 540.67 | | | 1,856.80 | 1,856.80 |
| | $6,488.04 | $6,488.00 | | | |

There must be enough money in your escrow account to pay your tax and/or insurance bills. To do that, federal law allows us to require you to maintain a minimum amount in your escrow account equaling 1/6th of the anticipated payment from the account unless your mortgage contract or state law specifies a lower amount.

Your escrow balance contains a cushion of $540.67. A cushion is an additional amount of funds held in your escrow balance to prevent the balance from becoming overdrawn when an increase in the disbursement amount occurs. Under Federal law, your lowest monthly balance should not exceed $1,081.33 or 1/6 of the anticipated payment from the account, unless your mortgage contract or State law specifies a lower amount. Your mortgage contract and State law are silent on this issue.

Loan                                                                                                                 Page 2

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.

STATEBRIDGE.

We anticipate the total of your coming year bills to be $6,488.00.  We divide that amount by the number of payments expected during the coming year to obtain your escrow payment.

**New Escrow Payment Calculation**

| | |
|---|---|
| Unadjusted Escrow Payment | 540.67 |
| Surplus Amount: | 0.00 |
| Shortage Amount: | 0.00 |
| Rounding Adjustment Amount: | 0.00 |
| Escrow Payment: | $540.67 |

Statebridge Company, LLC is a debt collector and is attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but a possible enforcement of a lien against property.

Statebridge Company, LLC     5680 Greenwood Plaza Blvd, Suite 100 S   Greenwood Village, CO 80111     www.statebridgecompany.com     866.466.3360

MIN: [redacted]                                    Loan Number: [redacted]

**NOTE**

FHA Case No. [redacted]

OCTOBER 18, 2008            GREAT NECK              NEW YORK
     [Date]                    [City]               [State]

1011 ROUTE 308, RHINEBECK, NEW YORK 12572
                    [Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns.
"Lender" means  CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED
LIABILITY COMPANY                                    and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of
ONE HUNDRED SIXTY-TWO THOUSAND AND 00/100
                               **Dollars (U.S. $ 162,000.00          ),**
plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of
the loan proceeds by Lender, at the rate of  SIX AND 750/1000                        percent
(    6.750 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated
the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from
losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the  1st  day of each month beginning
on  DECEMBER 1, 2008           . Any principal and interest remaining on the  1st     day of
NOVEMBER, 2038          , will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at  80 CUTTERMILL ROAD #408, GREAT NECK, NEW YORK
11021
                                                         , or at such other place
as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ 1,050.73          .
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to
principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for Payment Adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants
of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge
were a part of this Note.

Borrower Initials: _____

MULTISTATE - FHA FIXED RATE NOTE
USFHA.NTE 05/01/08                      Page 1 of 3         DocMagic *eFarms* 800-649-1352
                                                           www.docmagic.com

(Check applicable box.)

☐ Growing Equity Allonge
☐ Graduated Payment Allonge
☐ Other [specify]:

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000                 percent (     4.000 %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by delivering it or by mailing it by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in

Borrower Initials:  _R A D_

MULTISTATE - FHA FIXED RATE NOTE
USFHA.NTE 05/01/08                          Page 2 of 3                    DocMagic eForms 800-649-1362
                                                                          www.docmagic.com

this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)          _____ (Seal)
ROBERT A.   LAURIDSEN    -Borrower                                    -Borrower


_____ (Seal)          _____ (Seal)
                         -Borrower                                    -Borrower


_____ (Seal)          _____ (Seal)
                         -Borrower                                    -Borrower


            PAY TO THE ORDER OF

            WITHOUT RECOURSE
            BANK OF AMERICA, N.A.

BY _____Michele Sjolander_____
            MICHELE SJOLANDER
            SENIOR VICE PRESIDENT


PAY TO THE ORDER OF WITHOUT RECOURSE          PAY TO THE ORDER OF
CountrywideBank, FSB                          BANK OF AMERICA, N.A.
CAMBRIDGE HOME CAPITAL, LLC                    WITHOUT RECOURSE
A NEW YORK LIMITED LIABILITY COMPANY          COUNTRYWIDE BANK, FSB

BY: CRAIG J. HYMAN                            BY _____Laurie Meder_____
VICE PRESIDENT / MEMBER                             LAURIE MEDER
                                                   SENIOR VICE PRESIDENT


                                              [Sign Original Only]


MULTISTATE - FHA FIXED RATE NOTE
USFHA.NTE 08/01/08                    Page 3 of 3          DocMagic eForms 800-649-1362
                                                          www.docmagic.com

dha_mo_xml

BAYVIEW LOAN # ▮▮▮▮

ALTERNATE LOAN # ▮▮▮▮

## ALLONGE TO NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:

BORROWER: Robert A Lauridsen

NOTE DATE: 10/18/2008

ORIGINAL PRINCIPAL BALANCE: $162,000.00

PAY TO THE ORDER OF: BAYVIEW ACQUISITIONS LLC

WITHOUT RECOURSE

SECRETARY OF HOUSING AND URBAN DEVELOPMENT

By Bayview Loan Servicing, LLC, its Attorney in Fact

BY: _____

NAME: DAVID BRIGGS
TITLE: FIRST VICE PRESIDENT

PAY TO THE ORDER OF: BAYVIEW LOAN SERVICING, LLC

WITHOUT RECOURSE

BAYVIEW ACQUISITIONS LLC

BY: _____

NAME: DAVID BRIGGS
TITLE: FIRST VICE PRESIDENT

PAY TO THE ORDER OF:

WITHOUT RECOURSE

BAYVIEW LOAN SERVICING, LLC

BY: _____

NAME: DAVID BRIGGS
TITLE: FIRST VICE PRESIDENT

BAYVIEW LOAN # █████

ALTERNATE LOAN # █████

## ALLONGE TO NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:

BORROWER: Robert A Lauridsen

NOTE DATE: 10/18/2008

ORIGINAL PRINCIPAL BALANCE: $162,000.00

PAY TO THE ORDER OF: BAYVIEW ACQUISITIONS LLC

WITHOUT RECOURSE

SECRETARY OF HOUSING AND URBAN DEVELOPMENT

By Bayview Loan Servicing, LLC, its Attorney in Fact

BY:

NAME: DAVID BRIGGS
TITLE: FIRST VICE PRESIDENT

PAY TO THE ORDER OF: BAYVIEW LOAN SERVICING, LLC

WITHOUT RECOURSE

BAYVIEW ACQUISITIONS LLC

BY:

NAME: DAVID BRIGGS
TITLE: FIRST VICE PRESIDENT

PAY TO THE ORDER OF:

WITHOUT RECOURSE

BAYVIEW LOAN SERVICING, LLC

BY:

NAME: DAVID BRIGGS
TITLE: FIRST VICE PRESIDENT

## Dutchess County Clerk Recording Page

Record & Return To

Date Recorded    11/12/2008
Time Recorded    12 23 00

CAMBRIDGE HOME CAPITAL LLC
80 CUTTERMILL RD #408
Great Neck, NY 11021

Document # 01 2008 11456

Received From    EAM LAND SERVS INC

Mortgagor    LAURIDSEN ROBERT A
Mortgagee    CAMBRIDGE HOME CAPITAL LLC

Recorded In    Mortgage
Instrument Type

Tax District Rhinebeck

### Examined and Charged As Follows

Recording Charge                     $60 00

Number of Pages 11

Mortgage Amount                      $162,000 00

Mortgage Type                        1-2 Family Residence

*** Do Not Detach This Page
*** This Is Not A Bill

Mortgage Tax County                  $810 00
Mortgage Tax MTA Share               $456 00
1-6 Family                           $405 00
Mortgage Tax Local                   $405 00
Total Tax                            $2,076 00

Serial Number    CZ6591

Affidavit    N

County Clerk By    mok /_____
Receipt #          R65175
Batch Record       B234



Bradford Kendall
County Clerk



01200811456

Mortgage Recording Tax·

After Recording Return To
CAMBRIDGE HOME CAPITAL, LLC.
80 CUTTERMILL ROAD #408
GREAT NECK, NEW YORK 11021
Loan Number:

———————————— Space Above This Line For Recording Data ————————————

## MORTGAGE

| FHA CASE NO |
| --- |
| 371-3935253-703 |

MIN:

THIS MORTGAGE ("Security Instrument") is given on   OCTOBER 18, 2008
The mortgagor is   ROBERT A. LAURIDSEN AND BEVERLY A. LAURIDSEN

("Borrower"),

whose address is   1011 ROUTE 308, RHINEBECK, NEW YORK 12572

This Security Instrument is given to Mortgage Electronic Registration Systems, Inc ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee  MERS is organized and existing under the laws of Delaware, and has a mailing address of P O Box 2026, Flint, MI 48501-2026 and a street address of 3300 S W. 34th Avenue, Suite 101, Ocala, FL 34474  MERS telephone number is (888) 679-MERS   CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY      ("Lender")
is organized and existing under the laws of   NEW YORK
and has an address of   80 CUTTERMILL ROAD #408, GREAT NECK, NEW YORK
11021
Borrower owes Lender the principal sum of   ONE HUNDRED SIXTY-TWO THOUSAND AND
00/100                                   Dollars (U.S $ 162,000.00       )
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on   NOVEMBER 1, 2038
This Security Instrument secures to Lender. (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in   DUTCHESS                           County,
New York·

| Section | 6371 | Block. | 00 | Lot(s)/Unit No(s).· | 390545 |
| --- | --- | --- | --- | --- | --- |

Borrower Initials

FHA NEW YORK MORTGAGE - MERS
8/06                                              Page 1 of 9                              DocMagic ☎ 800-549-1362
www.docmagic.com

## Schedule A Description

ALL that piece, parcel or tract of land situate in the Town of Rhinebeck, Dutchess County, New York, and being more particularly described as follows:

BEGINNING at a point, said point being a bolt recovered on the westerly line of New York State Route 308, said point being in line of lands of N/F Levy and others Liber 1634, Page 329,

THENCE along a northerly and easterly line of said lands the following two courses and distances

*North 49 degrees 39 minutes 14 seconds West, 58 21 feet to a 36" oak tree,*

THENCE North 24 degrees 25 minutes 47 seconds East, 457.28 feet to a recovered iron pin in the southerly line of lands of N/F Apap Liber 839, Page 143;

THENCE along said lands South 79 degrees 30 minutes 43 seconds East, 53 42 feet to a pin set on the westerly line of Old Rock City Road,

THENCE along the westerly line of Old Rock City Road, and the westerly line of New York State Route 308 the following ten courses and distances:

South 17 degrees 00 minutes 42 seconds East, 41 96 feet to a point,

THENCE South 4 degrees 35 minutes 16 seconds East, 20.18 feet to a point,

THENCE South 3 degrees 48 minutes 04 seconds West, 52 90 feet to a point,

THENCE South 15 degrees 20 minutes 54 seconds West, 28 53 feet to a point,

THENCE South 22 degrees 27 minutes 14 seconds West, 32.06 feet to a point,

THENCE South 27 degrees 29 minutes 48 seconds West, 41 85 feet to a point,

THENCE South 32 degrees 18 minutes 02 seconds West, 102 93 feet to a point;

THENCE South 36 degrees 15 minutes 14 seconds West, 55 80 feet to a point;

THENCE South 42 degrees 23 minutes 51 seconds West, 51.14 feet to a point;

THENCE South 35 degrees 59 minutes 04 seconds West, 101.35 feet to the point or place of BEGINNING

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS
EXHIBIT "A"

SAID PREMISES ARE IMPROVED, OR TO BE IMPROVED, BY A ONE OR TWO FAMILY
DWELLING ONLY

SECTION 6317;   BLOCK 00;   LOT   390545

which has the address of                          1011 ROUTE 308
                                                        [Street]
            RHINEBECK                 , New York      12572        ("Property Address")
              [City]                                 [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security
Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors
and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose
and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling
this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to
mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with
limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and
interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance, and Other Charges. Borrower shall include in each monthly
payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and
special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the
Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a
mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in
which such premium would have been required if Lender still held the Security Instrument, each monthly payment
shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary,
or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary,
in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items
are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the
maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures
Act of 1974, 12 U.S.C. § 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended
from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements
or disbursements before the Borrower's payments are available in the account may not be based on amounts due for
the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall
account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time

Borrower Initials _____  _____  _____  _____  _____

FHA NEW YORK MORTGAGE - MERS
6/06                                    Page 2 of 9                    DocMagic eFarmms 800 649-1362
                                                                          www.docmagic.com

are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. Application of Payments. All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4. Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless the Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

Borrower Initials

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyances in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower, (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien, or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j - 3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not

Borrower Initials:

FHA NEW YORK MORTGAGE - MERS
6/96                                        Page 4 of 9                        DocMagic eForms  800 649 1362
www.docmagic.com

paid  This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary

(e)  **Mortgage Not Insured.**  Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within  60 DAYS
from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument.  A written statement of any authorized agent of the Secretary dated subsequent to
60 DAYS                    from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary

10.  **Reinstatement.**  Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument.  This right applies even after foreclosure proceedings are instituted  To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding  Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if  (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11.  **Borrower Not Released; Forbearance by Lender Not a Waiver.**  Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy

12.  **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b)  Borrower's covenants and agreements shall be joint and several  Any Borrower who co-signs this Security Instrument but does not execute the Note  (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument, (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent

13.  **Notices.**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower  Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph

14  **Governing Law; Severability.**  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15.  **Borrower's Copy.**  Borrower shall be given one conformed copy of the Note and of this Security Instrument

16.  **Hazardous Substances.**  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law  The preceding two sentences shall not apply

Borrower Initials

FHA NEW YORK MORTGAGE - MERS
6/96                                                   Page 5 of 9                              DocMagic *eForms* 800-649-1362
                                                                                                         www.docmagic.com

to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Assignment of Rents. Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument, (b) Lender shall be entitled to collect and receive all of the rents of the Property, and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower However, Lender or a judicially appointed receiver may do so at any time there is a breach Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may bring a lawsuit to take away all of Borrower's remaining rights in the Property and have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by law and will have the right to add all reasonable attorneys' fees to the amount Borrower owes Lender, which fees shall become part of the Sums Secured

Lender may require immediate payment in full under this paragraph 18 only if all of the following conditions are met:
(A) Borrower fails to keep any promise or agreement made in this Security Instrument, including the promises to pay when due the Sums Secured.
(B) Lender sends to Borrower, in the manner described in paragraph 13 above, a notice that states:

(i) The promise or agreement that Borrower failed to keep,

(ii) The action that Borrower must take to correct that default;

(iii) A date by which Borrower must correct the default That date must be at least 30 days from the date on which the notice is given;

(iv) That if Borrower does not correct the default by the date stated in the notice, Lender may require immediate payment in full, and Lender or another person may acquire the Property by means of foreclosure and sale,

(v) That if Borrower meets the conditions stated in paragraph 10 above, Borrower will have the right to have Lender's enforcement of this Security Instrument discontinued and to have the Note and this Security Instrument remain fully effective as if immediate payment in full had never been required; and

Borrower Initials: ___ ___ ___ ___ ___

FHA NEW YORK MORTGAGE - MERS
6/96                                    Page 6 of 9                    DocMagic CForms 800-649-1362
                                                                       www.docmagic.com

(vi) That Borrower has the right in any lawsuit for foreclosure and sale to argue that Borrower kept the promises and agreements under the Note and under this Security Instrument, and to present any other defenses that Borrower may have.

(C) Borrower does not correct the default stated in the notice from Lender by the date stated in that notice

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act   Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

19. **Lender's Obligation to Discharge This Security Instrument.** When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied   Borrower will pay all costs of recording the discharge in the proper official records. Borrower agrees to pay a fee for the discharge of this Security Instrument, if Lender so requires. Lender may require that Borrower pay such a fee, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law

20. **Agreement About New York Lien Law.** Borrower will receive all amounts lent by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Security Instrument is recorded, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, Borrower will: (A) hold all amounts which Borrower receives and which Borrower has a right to receive from Lender under the Note as a "trust fund", and (B) use those amounts to pay for that construction or work before Borrower uses them for any other purpose. The fact that Borrower is holding those amounts as a "trust fund" means that for any building or other improvement located on the Property Borrower has a special responsibility under the law to use the amount in the manner described in this paragraph 20.

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were in a part of this Security Instrument

[Check applicable box(es)]

☐ Condominium Rider  ☐ Graduated Payment Rider  ☐ Growing Equity Rider

☐ Planned Unit Development Rider  ☐ Adjustable Rate Rider  ☐ Rehabilitation Loan Rider

☐ Non-Owner Occupancy Rider  ☐ Other [Specify]

Borrower Initials

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 9 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
ROBERT A. LAURIDSEN -Borrower

_____ (Seal)
BEVERLY A. LAURIDSEN -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

Witness:

Witness

_____

_____

FHA NEW YORK MORTGAGE - MERS
6/96                          Page 8 of 9                          DocMagic eForms 800 649 1362
                                                                    www.docmagic.com

22-35165-cgm 22-35165-cgm Filed 03/11/23 Entered 05/01/23 20:36:44 Main Document
Pg 38 of 87

———————————— [Space Below This Line For Acknowledgment] ————————————

State of New York )
) ss
County of DUTCHESS )

On the 18TH day of OCTOBER , in the year 2008 , before me,

the undersigned, personally appeared ROBERT A. LAURIDSEN AND BEVERLY A.

LAURIDSEN

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

Notary Public State of New York

Print or Type Name

(Seal, if any)                    My commission expires: _____

Tax Map Information No :

Kathleen A. Coughlin-Glanz
Notary Public - state of New York
Dutchess County - Reg # 01co6151654
Commission Expired 08/21/2010

SECTION 6371;   BLOCK 00;   LOT 390545

FHA NEW YORK MORTGAGE - MERS
6/96

Page 8 of 9

DocMagic ☎ 800-649-1362
www.docmagic.com



Mail Stop : TX2-979-01-16
4500 Amon·Carter Blvd
Fort Worth,, TX 76155-2202

**Notice Date:** June 24, 2011

**Account No.:** [REDACTED]

Robert A Lauridsen
1011 Route 308
Rhinebeck, NY 12572

**Property Address:**
1011 Route 308
Rhinebeck, NY 12572-3433

---

ABOUT YOUR·LOAN.

## COMMITMENT TO MODIFY MORTGAGE

Account Number: [REDACTED]
Property Address:                    1011 Route 308
                                     Rhinebeck, NY 12572-3433
Original Note Amount:                $162,000.00
Date of original mortgage:           October 18, 2008
(The foregoing is called the "Mortgage")

---

WHAT THIS MEANS

This letter constitutes a commitment to modify the Mortgage (identified above), subject to the terms and conditions stated below. This letter contains our offer, and it permits you to accept this offer. When signed by you, this letter will constitute your agreement to these terms and conditions.

Our records indicate the Mortgage is currently in default. Although we are willing to modify the loan as described in this letter, please be advised that we will continue to pursue collection action. This action may include foreclosure. Upon completion of the modification process, which means all of the terms of this Commitment will have been met, your loan will be deemed current and we will cease collection activity on your loan. However, if you fail to sign this commitment or if you fail to perform as required in this commitment, we will complete our collection action, including foreclosure if necessary.

WHAT YOU NEED TO DO

If you want to accept this commitment, you must sign this commitment and deliver it to BAC Home Loans Servicing, LP by July 11, 2011. Failure to do so will result in the automatic withdrawal by BAC Home Loans Servicing, LP of the offer to modify without further notice.

·BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

**OFFER FOR MODIFIED MORTGAGE**     **Acct. No.:**

We hereby offer to modify the Mortgage as follows. It will be called the "Modified Mortgage":

**Section A. Terms of Modification.** The Mortgage will be modified to reflect the following terms:

| | |
|---|---|
| The current principal balance: | $160,124.29 |
| The capitalized delinquent interest: | $16,964.25 |
| The capitalized delinquent escrow: | $8,546.64 |
| The new modified principal balance will be: | $185,815.18 |
| The NEW FIXED interest rate will be: | 5.000% |
| Effective date of the·new interest rate: | July 1, 2011 · |
| Monthly payment of Principal and Interest only will be: | $997.50 |
| Modified maturity date: | July 1, 2041 |

The first regular monthly payment on the Modified Mortgage will begin on August 1, 2011 and the new payment amount will be $1,423.06. All other terms and conditions of the Mortgage will remain the same for the Modified Mortgage, including but not limited to provisions for late fees and BAC Home Loans Servicing, LP's right to pursue collection action for the default amount (including foreclosure). Please note that your total monthly payment is still subject to vary if your total monthly escrow payment increases subject to the terms of the mortgage.

The executed documents must be in our office on or before July 11, 2011, or such other date as we may choose at our sole discretion. In order to modify the Mortgage on that date, you must send the executed documents to: 4500 Amon Carter Blvd, Fort Worth, TX 76155-2202, Mail Stop : TX2-979-01-16, Attn: Jessica Lewis. You may ·contact Jessica Lewis at 1-866-788-8495 for further information.

All borrowers, guarantors, endorsers or ·sureties on the original Mortgage must sign the Modified Mortgage and any other documents that we require. Any co-owner who was not a borrower on the original loan must sign the Modified Mortgage to consent to the modification, but will not become liable for repayment of the loan due to this consent.

Acct. No.: ▮▮▮▮▮▮▮

**Section B. Contingencies.** This offer is contingent on the following:

BAC Home Loans Servicing, LP's offer to modify your mortgage is contingent upon BAC Home Loans Servicing, LP's verification that the title to the subject property is free from any defect, encumbrance, unauthorized conveyance or any other irregularity. A title search of the subject property will be initiated by BAC Home Loans Servicing, LP upon your return of the executed Commitment to Modify Mortgage and the Modification Agreement. In the event the title search, or any other information, indicates any title irregularity, including but not limited to any unauthorized conveyance, or any superior or subordinate lien(s), whether voluntary or involuntary, the Commitment to Modify Mortgage and the Modification Agreement and their terms shall not be effective, binding, or enforceable against BAC Home Loans Servicing, LP, and BAC Home Loans Servicing, LP's offer to modify your mortgage shall be immediately revoked without further notice. Upon notification of a filing for protection under a Bankruptcy Stay, this Agreement will be terminated. This includes the filing by any party that has or may have interest in the property.

**Section C. Amounts to be paid.** You will be required to pay the following on the date the documents are signed for the Modified Mortgage.

All fees and expenses incurred by BAC Home Loans Servicing, LP in response to the default of the Mortgage including fees and charges are listed below.

| | |
|---|---|
| **Attorney fees/ Foreclosure fees:** | $150.00 |
| **Bankruptcy Fees:** | $.00 |
| **Miscellaneous fees:** | $.00 |
| **Late charges due:** | $171.84 |
| **Optional Insurance:** | $.00 |
| **Total mortgage payment due:** | $1,423.06 |
| **Subtotal:** | $1,744.90 |
| **Partial Funds:** | $5,453.21 |
| **Buydown Funds:** | $.00 |
| **Total Due:** | $.00 |

If you want to accept the offer for a Modified Mortgage upon the terms and conditions above, you must agree by signing the enclosed Modification Agreement which follows this commitment. Please note that the Modification Agreement must be properly notarized. The acceptance must be signed by each borrower and must be returned to us by July 11, 2011, otherwise, the offer will expire.

THANK YOU FOR YOUR BUSINESS

BAC Home Loans Servicing, LP appreciates all your efforts and cooperation in this matter. If you have any further questions, please call Jessica Lewis, in the Home Retention Department, at 1-866-788-8495.

Page 3 of 4
Please write your account number on all correspondence.

WDGCMMGM 7370 12/06/2007

**ACCEPTANCE OF OFFER FOR MODIFIED MORTGAGE**          Acct. No.: ▮▮▮▮

We(I) are the borrower(s) on the Mortgage identified above. We agree to or acknowledge the
following:

We accept all of the terms and conditions stated in the offer. We have failed to pay the
Mortgage in accordance with its terms, and are now in default on the Mortgage. We have no
defenses or offsets against the Mortgage or BAC Home Loans Servicing, LP's right to collect
the Mortgage by foreclosure or otherwise. We acknowledge that this commitment for Modified
Mortgage, even when signed by BAC Home Loans Servicing, LP and us, will not prevent or
prohibit BAC Home Loans Servicing, LP from continuing collection action. Therefore, in the
event we sign this commitment, but fail to fulfill any or all of its terms and conditions, then BAC
Home Loans Servicing, LP may complete any collection action already commenced without
further notice to us, including foreclosure. This commitment will not be considered a waiver of
or defense to lender's right to commence or continue any collection action. The terms of the
Modified Mortgage will be as stated in Section A above. We will sign any documents
necessary to complete the Modified Mortgage. We acknowledge that this commitment is
contingent as provided in Section B and Section C of BAC Home Loans Servicing, LP's offer.
BAC Home Loans Servicing, LP shall determine whether the contingencies have been
satisfied. If the new principal amount of the Modified Mortgage is more than the existing
principal balance of the Mortgage, then we understand that amounts due such as unpaid
interest, taxes, insurance or expenses have been added to the principal amount under the
Modified Mortgage. The date for signing the documents and paying the amounts due will be
July 11, 2011, or such other date that BAC Home Loans Servicing, LP may select. All
representations made by us pursuant to our request for the Modified Mortgage are true and
have been and will be relied upon to BAC Home Loans Servicing, LP, and any breach of the
representations will give BAC Home Loans Servicing, LP the right to terminate this
commitment and could result in the pursuit of other right and remedies by BAC Home Loans
Servicing, LP.

   I/We am/are now occupying the property as my/our primary place of residence.
   We have had the opportunity to consult with legal and/or tax counsel prior to
   agreeing to the foregoing, and have willingly agreed to these terms and conditions
   whether or not we elected to retain such counsel.

   As evidenced by the signature below, the Borrower and the Lender agree to
the foregoing:

_____          _____
Robert A Lauridsen         Date                                      Date

_____          _____
                           Date                                      Date

## Dutchess County Clerk Recording Page

Record & Return To :

> CORELOGIC
> MAIL STOP:ASGN
> 1 CORELOGIC DRIVE
> WESTLAKE , TX 76262-9823

Date Recorded : 01/04/2013
Time Recorded : 10:57:00

Document # : 01 2013 51A

Received From :     CORELOGIC

Mortgagor  : CAMBRIDGE HOME CAPITAL, LLC
Mortgagee : BANK OF AMERICA NA

Recorded In :     ASSIGNMENT of Mortgage
Original Mortgagor : LAURIDSEN ROBERT A

Examined and Charged As Follows :

Recording Charge :               $50.50

Number of Pages : 2

*** Do Not Detach This Page
*** This Is Not A Bill

08/11456

County Clerk By :     ksw /_____
Receipt # :           R621
Batch Record :        C137

Bradford Kendall
County Clerk



01201351A

Recording Requested By:
**Bank of America**
Prepared By: **Diana De Avila**
**800-444-4302**
When recorded mail to:
CoreLogic
Mail Stop: ASGN
1 CoreLogic Drive
**Westlake, TX 76262-9823**

DocID# 17518623994838954

Property Address:
**1011 Route 308**
**Rhinebeck, NY 12572-3433**

Property Location:
**Township of RHINEBECK**
NYBM-AM 20714016  12/12/2012 BK01

This space for Recorder's use

MIN #: 100250500000006373          MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS
NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY
COMPANY** its successors and assigns (herein "Assignor") whose address is **1901 E Voorhees Street, Suite C,
Danville, IL 61834** hereby assign and transfer to **BANK OF AMERICA, N.A.** its successors and assigns whose
address is **C/O BAC, M/C: CA6-914-01-43, 1800 Tapo Canyon Road, Simi Valley, CA 93063** all its right, title,
and interest to a certain Mortgage described below.

| | |
|---|---|
| Original Lender: | **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY** |
| Made By: | **ROBERT A. LAURIDSEN AND BEVERLY A. LAURIDSEN** |
| Date of Mortgage: | **10/18/2008** |
| Original Loan Amount: | **$162,000.00** |
| Section: 6371    Lot: 390545 | Block: 00 |

Recorded in **Dutchess County, NY** on: **11/12/2008, book N/A, page N/A** and instrument number **01 2008 11456**

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

This Mortgage has not been assigned unless otherwise stated below:

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated:
**DEC 14 2012**

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. ("MERS"), AS NOMINEE FOR
CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK
LIMITED LIABILITY COMPANY

By:
Cecilia Rodriguez
Assistant Secretary

State of California
County of Ventura

On **DEC 14 2012** before me, **Teresa D. Williams**, Notary Public, personally
appeared **Cecilia Rodriguez**, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: _____ Teresa D. Williams _____          (Seal)
My Commission Expires: _____ 12-31-2014

TERESA D. WILLIAMS
COMM. # 1919662
NOTARY PUBLIC CALIFORNIA
SAN BERNARDINO COUNTY
My comm. expires Dec. 31, 2014


## Dutchess County Clerk Recording Page

Record & Return To :

> AVENUE 365 LENDER SERVS LLC
> 401 PLYMOUTH RD
> STE 550
> PLYMOUTH MEETING, PA 19462-

Date Recorded : 04/28/2015
Time Recorded : 3:10:00

Document # : 01 2015 946A

Received From : AVENUE 365 LENDER SERVS
LLC

Mortgagor : BANK OF AMERICA NA
Mortgagee : HOUSING & URBAN DEVELOPMENT

Recorded In : ASSIGNMENT of Mortgage
Original Mortgagor : LAURIDSEN ROBERT A

### Examined and Charged As Follows :

Recording Charge : $55.50

Number of Pages : 3

*** Do Not Detach This Page
*** This Is Not A Bill

2008·11456

County Clerk By : msp / _____
Receipt # : R84192
Batch Record : D36



Bradford Kendall
County Clerk



012015946A



Recording Requested By:
**Bank of America, N.A.**
Prepared By: **Diana De Avila**
**800-444-4302**
When recorded mail to:

    Avenue 365 Lender Services, LLC
    401 Plymouth Road Suite 550,
    Plymouth Meeting, PA 19462

DocID#   65518623994813539
Property Address:
**1011 Route 308**
**Rhinebeck, NY 12572-3433**
Property Location:
**Township of RHINEBECK**
NY0-AM 31405137 11/19/2014 HBY1114                                     *This space for Recorder's use*

*1076041A*

## ASSIGNMENT OF MORTGAGE

For Value Received, **BANK OF AMERICA, N.A.**, the undersigned holder of the Mortgage described below (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **SECRETARY OF HOUSING AND URBAN DEVELOPMENT** whose address is **451 7TH STREET, S.W., WASHINGTON, DC 20410** all beneficial interest under that certain security instrument described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said security instrument.

| Beneficiary: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS |
|---|---|
| Made By: | ROBERT A. LAURIDSEN AND BEVERLY A. LAURIDSEN |
| Date of Mortgage: | 10/18/2008 |
| Original Loan Amount: | $162,000.00 |
| Section: 6371    Lot: 390545    Block: 00 | |

Recorded in Dutchess County, NY on: 11/12/2008, book N/A, page N/A and instrument number 01 2008 11456

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

This Mortgage has not been assigned unless otherwise stated below:
Assigned From: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS
Assigned To: BANK OF AMERICA, N.A.
Recording Date: 1/4/2013 Book/Liber: N/A Page: N/A Instrument Number: 01 2013 51A

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated:
**NOV 20 2014**

                                  **BANK OF AMERICA, N.A.**

By: _____
           Trisha Jackson
           Assistant Vice President

State of California
County of Ventura

On __NOV 2 0 2014__ before me, __Takayuki E. Uto__, Notary Public, personally
appeared __Trisha Jackson__, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: __Takayuki E. Uto__                    (Seal)
My Commission Expires: __05/24/2017__

TAKAYUKI E. UTO
Commission # 2026020
Notary Public - California
Los Angeles County
My Comm. Expires May 24, 2017



## Dutchess County Clerk Recording Page

Record & Return To :

AVENUE 365 LENDER SERVS LLC
401 PLYMOUTH RD
STE 550
PLYMOUTH MEETING, PA 19462-

Date Recorded : 04/28/2015
Time Recorded : 3:12:00

Document # : 01 2015 947A

Received From : AVENUE 365 LENDER SERVS
LLC

Mortgagor : HOUSING & URBAN DEVELOPMENT
Mortgagee : BAYVIEW LOAN SERVICING LLC

Recorded In : ASSIGNMENT of Mortgage
Original Mortgagor : LAURIDSEN ROBERT A

Examined and Charged As Follows :

Recording Charge : $55.50

Number of Pages : 3

*** Do Not Detach This Page
*** This Is Not A Bill

2008 · 11456

County Clerk By : msp / _____
Receipt # : R84195
Batch Record : D39

Bradford Kendall
County Clerk



012015947A



Recording Requested By:
Bank of America, N.A.
Prepared By: Anne-Marie Calderon
800-444-4302

When recorded mail to:
Avenue 365 Lender Services, LLC
401 Plymouth Road Suite 550,
Plymouth Meeting, PA  19462

DocID#    1411862399482904
Property Address:
1011 Route 308
Rhinebeck, NY 12572-3433
Property Location:
Township of RHINEBECK
NY9-AM  3152781  11/25/2011  BDY1114A                                    This space for Recorder's use

*10760418*

## ASSIGNMENT OF MORTGAGE

For Value Received, SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY BAYVIEW
ACQUISITIONS, LLC, IT'S ATTORNEY IN FACT, the undersigned holder of the Mortgage described below
(herein "Assignor") whose address is 451 7TH STREET, S.W., WASHINGTON, DC  20410 does hereby grant,
sell, assign, transfer and convey unto BAYVIEW LOAN SERVICING, LLC whose address is 4425 PONCE
DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL 33146 all beneficial interest under that certain security
instrument described below together with the note(s) and obligations therein described and the money due and to
become due thereon with interest and all rights accrued or to accrue under said security instrument.

Beneficiary:                  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
                              NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK
                              LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS
Made By:                      ROBERT A. LAURIDSEN AND BEVERLY A. LAURIDSEN
Date of Mortgage:            10/18/2008
Original Loan Amount:        $162,000.00
Section: 6371       Lot: 390545       Block: 00

Recorded in Dutchess County, NY on: 11/12/2008, book N/A, page N/A and instrument number 01 2008 11456

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

This Mortgage has not been assigned unless otherwise stated below:
Assigned From:  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY, ITS
SUCCESSORS AND ASSIGNS
Assigned To:  BANK OF AMERICA, N.A.
Recording Date:  1/4/2013  Book/Liber:  N/A  Page:  N/A  Instrument Number:  01 2013 51A
Assignment from Bank of America N.A. To Secretary of Housing and urban Development
to be recorded concurrently herewith.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated:
12/5/14

*Power of Attorney recorded in Miami-
Dade County, Florida as CFN:
2015R0039327, Book 29471, Page 3263-
3278

**SECRETARY OF HOUSING AND URBAN
DEVELOPMENT BY BAYVIEW ACQUISITIONS, LLC,
IT'S ATTORNEY IN FACT

By: _____
        Ramona Careaga
        Assistant Vice-President

State of **Florida**
County of **Miami-Dade**

On 12/5/14 before me, **Orlee Tamir Bushman**, a Notary Public, personally
appeared **Ramona Careaga**, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public: **Orlee Tamir Bushman**
My Commission Expires: 11/9/18       (Seal)

**Orlee Tamir Bushman**
COMMISSION # FF172498
EXPIRES: November 9, 2018
WWW.AARONNOTARY.COM



## Dutchess County Clerk Recording Page

Record & Return To:

RICHMOND MONROE GROUP INC
P O BOX 458

KIMBERLING CITY, MO 65686

Date Recorded:      8/26/2016
Time Recorded:      11:28 AM

Document #:      01-2016-1441A

Received From: MISSION CAPITAL ADVISORS LLC

Assignor: BAYVIEW LOAN SERVICING LLC
Assignee: BAYVIEW DISPOSITIONS IVA LLC

Recorded In:      ASSIGNMENT OF MORTGAGE
Instrument Type:      ASSN
Original Mortgagor: LAURIDSEN ROBERT A

### Examined and Charged As Follows :

Recording Charge:      $55.50

Number of Pages:    3

*** Do Not Detach This Page
*** This is Not A Bill

County Clerk By:    cha
Receipt #:      28946
Batch Record:      189



Bradford Kendall
County Clerk



0120161441A

RECORDING REQUESTED BY:
RICHMOND MONROE GROUP, INC.

WHEN RECORDED MAIL TO:
JESSICA BROWN
RICHMOND MONROE GROUP, INC.
P.O. BOX 458
Kimberling City, MO, 65686

Loan #
TS Ref #:

## CORPORATE ASSIGNMENT OF MORTGAGE

NY/DUTCHESS

Assignment Prepared on: June 02, 2016

ASSIGNOR: BAYVIEW LOAN SERVICING, LLC by Richmond Monroe Group, inc. its Attorney in
Fact, at 4425 PONCE DE LEON BLVD. 5TH FLOOR, CORAL GABLES, FL, 33146

ASSIGNEE: BAYVIEW DISPOSITIONS IVA, LLC, at 4425 PONCE DE LEON BLVD, 5TH FLOOR,
CORAL GABLES, FL, 33146

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-
named Assignee all interest under that certain Mortgage dated 10/18/2008, in the amount of
$162,000.00, executed by ROBERT A. LAURIDSEN AND BEVERLY A. LAURIDSEN to MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS. INC., AS NOMINEE FOR CAMBRIDGE HOME CAPITAL,
LLC., A NEW YORK LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS and
Recorded: 11/12/2008, Instrument No.: 01 2008 11466, Book: N/A, Page: N/A in DUTCHESS County,
State of NEW YORK.

Property Address: 1011 ROUTE 308, RHINEBECK, NY, 12572

Document References:
- Assignment Dated: 12/14/2002 from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY,
ITS SUCCESSORS AND ASSIGNS to BANK OF AMERICA, N.A Recorded: 1/4/2013, Instrument No.: 01
2013 51A
- Assignment Dated: 11/20/2014 from BANK OF AMERICA, N.A to SECRETARY OF HOUSING AND
URBAN DEVELOPMENT Recorded: 4/28/2015, Instrument No.: 01 2015 946A
- Assignment Dated: 12/5/2014 from SECRETARY OF HOUSING AND URBAN DEVELOPMENT to
BAYVIEW LOAN SERVICING, LLC Recorded: 4/28/2015, Instrument No.: 01 2015 947A

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is
an assignment within the secondary mortgage market.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to
the terms and conditions of the above-described Mortgage.

Page: 2 of 2 / Loan #:      / TS Ref #:

BAYVIEW LOAN SERVICING, LLC by Richmond Monroe Group, Inc. its Attorney in Fact
(POA Recorded in DUTCHESS, NY: 10/6/2014, instrument No.: 02 2014 6020 )

On: 12-2-2016

Signature:

Name:     Jessica Brown
Title:      Vice President

State of MISSOURI
County of STONE

On 06/02/2016 before me, Sharon Mitchell, a Notary Public in and for STONE in the State of
MISSOURI, personally appeared Jessica Brown, Vice President, Richmond Monroe Group, Inc. as
Attorney in Fact for Bayview Loan Servicing, LLC, personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and
that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Sharon Mitchell
Sharon Mitchell
Notary Expires: 8/2/2018 / #: 14001122

SHARON MITCHELL
My Commission Expires
August 2, 2018
Barry County
Commission #14001122

NY/DUTCHESS



## Dutchess County Clerk Recording Page

Record & Return To:

| | |
|---|---|
| RICHMOND MONROE GROUP INC<br>P O BOX 458<br>KIMBERLING CITY, MO 65686 | |

Date Recorded: 8/26/2016
Time Recorded: 11:28 AM

Document #: 01-2016-1442A

Received From: MISSION CAPITAL ADVISORS LLC

Assignor: BAYVIEW DISPOSITIONS IVA LLC
Assignee: MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS
     LLC

Recorded In: ASSIGNMENT OF MORTGAGE
Instrument Type: ASSN
Original Mortgagor: LAURIDSEN ROBERT A

**Examined and Charged As Follows :**

Recording Charge: $55.50

Number of Pages: 3

\*\*\* Do Not Detach This Page
\*\*\* This is Not A Bill

County Clerk By: cha
Receipt #: 28946
Batch Record: 189



0120161442A

Bradford Kendall
County Clerk



RECORDING REQUESTED BY:
RICHMOND MONROE GROUP, INC.

WHEN RECORDED MAIL TO:
JESSICA BROWN
RICHMOND MONROE GROUP, INC.
P.O. BOX 458
Kimberling City, MO, 65686

Loan #: █████████
TS Ref #: █████████

**CORPORATE ASSIGNMENT OF MORTGAGE**

NY/DUTCHESS

Assignment Prepared on: June 02, 2016

ASSIGNOR: BAYVIEW DISPOSITIONS IVA, LLC, at 4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL, 33146

ASSIGNEE: MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, at 1585 BROADWAY, NEW YORK, NY, 10036

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Mortgage dated 10/18/2008, in the amount of $162,000.00, executed by ROBERT A. LAURIDSEN AND BEVERLY A. LAURIDSEN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS and Recorded: 11/12/2008, Instrument No.: 01 2008 11458, Book: N/A, Page: N/A in DUTCHESS County, State of NEW YORK.

Property Address: 1011 ROUTE 308, RHINEBECK, NY, 12572

Document References:
- Assignment Dated: 12/14/2002 from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS to BANK OF AMERICA, N.A Recorded: 1/4/2013. Instrument No.: 01 2013 51A
- Assignment Dated: 11/20/2014 from BANK OF AMERICA, N.A to SECRETARY OF HOUSING AND URBAN DEVELOPMENT Recorded: 4/28/2015, Instrument No.: 01 2015 948A
- Assignment Dated: 12/5/2014 from SECRETARY OF HOUSING AND URBAN DEVELOPMENT to BAYVIEW LOAN SERVICING, LLC Recorded: 4/28/2015, Instrument No.: 01 2015 947A
- Assignment Dated: _____ from BAYVIEW LOAN SERVICING, LLC by Richmond Monroe Group, Inc. Its Attorney in Fact to BAYVIEW DISPOSITIONS IVA, LLC To Be Recorded Concurrently.

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

Page: 2 of 2 / Loan #: [redacted] / TS Ref #: [redacted]

BAYVIEW DISPOSITIONS IVA, LLC

On JUN 2 7 2016

Signature: _____

Name: _____ **Frantron Green**

Title: _____ **Assistant Vice President**

STATE OF **Florida**

COUNTY **Miami-Dade**

On JUN 2 7 2011 before me, **Cecilia Merced-Pacheco** , a Notary Public in and for **Miami-Dade** in the State of **FL** , personally appeared , **Frantron Green** , BAYVIEW DISPOSITIONS IVA, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. ✓

WITNESS my hand and official seal,

_____
**Cecilia Merced-Pacheco**

Notary Expires: _____ / #: _____

CECILIA MERCED-PACHECO
MY COMMISSION # GE 212793
EXPIRES: June 28, 2018
Bonded Thru Notary Public Underwriters

**NY/DUTCHESS**



## Dutchess County Clerk Recording Page

Record & Return To:

VISIONET SYSTEMS INC
183 INDUSTRY DR

PITTSBURGH, PA 15275

Date Recorded: 10/7/2016
Time Recorded: 1:08 PM

Document #: 01-2016-1750A

Received From: VISIONET SYSTEMS INC

Assignor: CAMBRIDGE HOME CAPITAL LLC
Assignee: MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS
LLC

Recorded In: ASSIGNMENT OF MORTGAGE
Instrument Type: ASSN
Original Mortgagor: LAURIDSEN ROBERT A

### Examined and Charged As Follows :

Recording Charge: $60.50

Number of Pages: 4

\*\*\* Do Not Detach This Page
\*\*\* This Is Not A Bill

County Clerk By: cha
Receipt #: 33867
Batch Record: 222



0120161750A

Bradford Kendall
County Clerk



This Instrument Prepared By:
VISIONET SYSTEMS INC.
After Recording Return To:
VISIONET SYSTEMS INC.
183 INDUSTRY DRIVE
PITTSBURGH, PA 15275
Voice: 1-(412) 927-0226

## Assignment of Mortgage



ORDER #:
MIN #:                    MERS PHONE #: 1-888-679-6377

For value received, MERS Whose Address is 1901 E Voorhees Street, Suite C, Danville, IL 61834, as
nominee for CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY
Whose Address is 80 CUTTERMILL ROAD #408, GREAT NECK, NEW YORK 11021, hereby grants,
assigns, and transfers to: Morgan Stanley Mortgage Capital,Holdings LLC Whose Address is 1585
Broadway, New York, NY 10036 all beneficial interest under that certain Mortgage dated OCTOBER 18,
2008 executed by:

Mortgagor: ROBERT A. LAURIDSEN AND BEVERLY A. LAURIDSEN Whose Address is 1011 ROUTE
308, RHINEBECK, NEW YORK 12572

For MERS Whose Address is 1901 E Voorhees Street, Suite C, Danville, IL 61834, as nominee for
CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY whose address is
80 CUTTERMILL ROAD #408, GREAT NECK, NEW YORK 11021 in the amount of:$152,000.00,
recorded 11/12/2008 as Instrument No.: 01 2008 11456 of the Official Records of Dutchess County, New
York

Property Address: 1011 ROUTE 308, RHINEBECK, NEW YORK 12572
Tax Parcel ID: SECTION: 6317, BLOCK: 00, LOT: 390545
Legal Description: SEE SCHEDULE A DESCRIPTION

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is
an Assignment within the secondary mortgage market

Effective date: _____ 8-25-16

MERS as nominee for CAMBRIDGE HOME CAPITAL,
LLC., A NEW YORK LIMITED LIABILITY COMPANY

By: _____
STACY PIERCE
VICE PRESIDENT

State of PENNSYLVANIA
County of ALLEGHENY

On _8-26-16__ before me, Autumn R Carnegie the undersigned, a Notary Public in and for the
county of ALLEGHENY in the State of Pennsylvania, personally appeared Stacy Pierce, VICE PRESIDENT
personally known to me to be the person whose name is subscribed to the within instrument and
acknowledged to me that he/she executed the same in his/her authorized capacity, and that for his/her
signature on the instrument the person, or the entity upon behalf of which he/she acted, executed the
instrument.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
AUTUMN R CARNEGIE
Notary Public
FINDLEY TWP, ALLEGHENY COUNTY
My Commission Expires Jun 6, 2020

_____
Autumn R Carnegie
My Commission Expires: 06/06/2020

## SCHEDULE A DESCRIPTION

ALL THAT PIECE, PARCEL OR TRACT OF LAND SITUATE IN THE TOWN
OF RHINEBECK, DUTCHESS COUNTY, NEW YORK, AND BEING MORE
PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT, SAID POINT BEING A BOLT RECOVERED ON
THE WESTERLY LINE OF NEW YORK STATE ROUTE 308, SAID POINT
BEING IN LINE OF LANDS OF N/F LEVY AND OTHERS LIBER 1634, PAGE
329,

THENCE ALONG A NORTHERLY AND EASTERLY LINE OF SAID LANDS
THE FOLLOWING TWO COURSES AND DISTANCES

NORTH 49 DEGREES 39 MINUTES 14 SECONDS WEST, 58.21 FEET TO A
36" OAK TREE,

THENCE NORTH 24 DEGREES 25 MINUTES 47 SECONDS EAST, 457.28
FEET TO A RECOVERED IRON PIN IN THE SOUTHERLY LINE OF LANDS
OF N/F APAP LIBER 839, PAGE 143;

THENCE ALONG SAID LANDS SOUTH 79 DEGREES 30 MINUTES 43
SECONDS EAST, 53.42 FEET TO A PIN SET ON THE WESTERLY LINE OF
OLD ROCK CITY ROAD,

THENCE ALONG THE WESTERLY LINE OF OLD ROCK CITY ROAD, AND
THE WESTERLY LINE OF NEW YORK STATE ROUTE 38 THE
FOLLOWING TEN COURSES AND DISTANCES:

SOUTH 17 DEGREES 00 MINUTES 42 SECONDS EAST, 41.96 FEET TO A
POINT,

THENCE SOUTH 4 DEGREES 35 MINUTES 16 SECONDS EAST, 20.18
FEET TO A POINT,

THENCE SOUTH 3 DEGREES 48 MINUTES 04 SECONDS WEST, 52.90
FEET TO A POINT,

THENCE SOUTH 15 DEGREES 20 MINUTES 54 SECONDS WEST, 28.53
FEET TO A POINT,

THENCE SOUTH 22 DEGREES 27 MINUTES 14 SECONDS WEST, 32.06
FEET TO A POINT,

THENCE SOUTH 27 DEGREES 29 MINUTES 48 SECONDS WEST, 41.85
FEET TO A POINT,

THENCE SOUTH 32 DEGREES 18 MINUTES 02 SECONDS WEST, 102.93
FEET TO A POINT;

## SCHEDULE A DESCRIPTION (CONTINUED)

THENCE SOUTH 36 DEGREES 15 MINUTES 14 SECONDS WEST, 55.80 FEET TO A POINT;

THENCE SOUTH 42 DEGREES 23 MINUTES 51 SECONDS WEST, 31.14 FEET TO A POINT;

THENCE SOUTH 35 DEGREES 59 MINUTES 04 SECONDS WEST, 101.35 FEET TO THE POINT OR PLACE OF BEGINNING



## Dutchess County Clerk Recording Page

Record & Return To:

| | |
|---|---|
| VISIONET SYSTEMS INC<br>183 INDUSTRY DRIVE<br><br>PITTSBURGH , PA 15275 | |

Date Recorded: 11/9/2016
Time Recorded: 1:57 PM

Document #: 01-2016-1951A

Received From: VISIONET SYSTEMS INC

Assignor: MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS
LLC
Assignee: FV I INC

Recorded In: ASSIGNMENT OF MORTGAGE
Instrument Type: ASSN
Original Mortgagor: LAURIDSEN ROBERT A

### Examined and Charged As Follows :

Recording Charge: $60.50

Number of Pages: 4

**\*\*\* Do Not Detach This Page**
**\*\*\* This is Not A Bill**

County Clerk By: cha
Receipt #: 37284
Batch Record: 247

Bradford Kendall
County Clerk



0120161951A

This Instrument Prepared By:
VISIONET SYSTEMS INC.
After Recording Return To:
VISIONET SYSTEMS INC.
183 INDUSTRY DRIVE
PITTSBURGH, PA 15275
Voice: 1-(412) 927-0226



**Assignment of Mortgage**

ORDER #: 176233-1

For value received, Morgan Stanley Mortgage Capital Holdings LLC Whose Address is 1585 Broadway, New York, NY 10036, hereby grants, assigns, and transfers to: FV-I, Inc. In trust for Morgan Stanley Mortgage Capital Holdings LLC Whose Address is 1585 Broadway, New York, NY 10036 all beneficial Interest under that certain Mortgage dated OCTOBER 18, 2008 executed by:

Mortgagor: ROBERT A. LAURIDSEN AND BEVERLY A. LAURIDSEN Whose Address is 1011 ROUTE 308, RHINEBECK, NEW YORK 12572

For MERS Whose Address is 1901 E Voorhees Street, Suite C, Danville, IL 61834, as nominee for CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY Whose Address is 80 CUTTERMILL ROAD #408, GREAT NECK, NEW YORK 11021, in the amount of: $162,000.00, recorded 11/12/2008 as Instrument No.: 01 2008 11456 of the Official Records of Dutchess County, New York

Property Address: 1011 ROUTE 308, RHINEBECK, NEW YORK 12572
Tax Parcel ID: SECTION: 6317, BLOCK: 00, LOT: 390545
Legal Description: SEE SCHEDULE A DESCRIPTION

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an Assignment within the secondary mortgage market

Effective date: 10 -11-16

Morgan Stanley Mortgage Capital Holdings LLC
By Specialized Loan Servicing LLC, as Attorney in Fact

By: _____
LYNN SALICCE
VICE PRESIDENT POST CLOSING
Visionet, as Attorney in Fact for Specialized Loan
Servicing LLC

State of PENNSYLVANIA
County of ALLEGHENY

On 10-11-16 before me, DeAnna L. Barton the undersigned, a Notary Public in and for the county of ALLEGHENY in the State of Pennsylvania, personally appeared Lynn Salicce, VICE PRESIDENT POST CLOSING personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that for his/her signature on the instrument the person, or the entity upon behalf of which he/she acted, executed the instrument.

_____
DeAnna L. Barton
My Commission Expires: 04/11/2019

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DeAnna L. Barton, Notary Public
Scott Twp., Allegheny County
My Commission Expires April 11, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

## SCHEDULE A DESCRIPTION

ALL THAT PIECE, PARCEL OR TRACT OF LAND SITUATE IN THE TOWN OF RHINEBECK, DUTCHESS COUNTY, NEW YORK, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT, SAID POINT BEING A BOLT RECOVERED ON THE WESTERLY LINE OF NEW YORK STATE ROUTE 308, SAID POINT BEING IN LINE OF LANDS OF N/F LEVY AND OTHERS LIBER 1634, PAGE 329,

THENCE ALONG A NORTHERLY AND EASTERLY LINE OF SAID LANDS THE FOLLOWING TWO COURSES AND DISTANCES

NORTH 49 DEGREES 39 MINUTES 14 SECONDS WEST, 58.21 FEET TO A 36" OAK TREE,

THENCE NORTH 24 DEGREES 25 MINUTES 47 SECONDS EAST, 457.28 FEET TO A RECOVERED IRON PIN IN THE SOUTHERLY LINE OF LANDS OF N/F APAP LIBER 839, PAGE 143;

THENCE ALONG SAID LANDS SOUTH 79 DEGREES 30 MINUTES 43 SECONDS EAST, 53 42 FEET TO A PIN SET ON THE WESTERLY LINE OF OLD ROCK CITY ROAD,

THENCE ALONG THE WESTERLY LINE OF OLD ROCK CITY ROAD, AND THE WESTERLY LINE OF NEW YORK STATE ROUTE 38 THE FOLLOWING TEN COURSES AND DISTANCES:

SOUTH 17 DEGREES 00 MINUTES 42 SECONDS EAST, 41.96 FEET TO A POINT,

THENCE SOUTH 4 DEGREES 35 MINUTES 16 SECONDS EAST, 20.18 FEET TO A POINT,

THENCE SOUTH 3 DEGREES 48 MINUTES 04 SECONDS WEST, 52.90 FEET TO A POINT,

THENCE SOUTH 15 DEGREES 20 MINUTES 54 SECONDS WEST, 28 53 FEET TO A POINT,

THENCE SOUTH 22 DEGREES 27 MINUTES 14 SECONDS WEST, 32.06 FEET TO A POINT,

THENCE SOUTH 27 DEGREES 29 MINUTES 48 SECONDS WEST, 41 85 FEET TO A POINT,

THENCE SOUTH 32 DEGREES 18 MINUTES 02 SECONDS WEST, 102 93 FEET TO A POINT;

## SCHEDULE A DESCRIPTION (CONTINUED)

THENCE SOUTH 36 DEGREES 15 MINUTES 14 SECONDS WEST, 55 80 FEET TO A POINT;

THENCE SOUTH 42 DEGREES 23 MINUTES 51 SECONDS WEST, 31.14 FEET TO A POINT;

THENCE SOUTH 35 DEGREES 59 MINUTES 04 SECONDS WEST, 101.35 FEET TO THE POINT OR PLACE OF BEGINNING



## Dutchess County Clerk Recording Page

Record & Return To:

ABSTRAX LLC
88 SILVA LANE

MIDDLETOWN, RI 02842

| | |
|---|---|
| Date Recorded: | 8/25/2017 |
| Time Recorded: | 2:45 PM |
| Document #: | 01-2017-1693A |

Received From: ABSTRAX LLC

Assignor: FV I INC
Assignee: WV 2017 1 GRANTOR TRUST

Recorded In: ASSIGNMENT OF MORTGAGE
Instrument Type: ASSN
Original Mortgagor: LAURIDSEN ROBERT A

### Examined and Charged As Follows :

Recording Charge: $60.50

Number of Pages: 4

**\*\*\* Do Not Detach This Page**
**\*\*\* This Is Not A Bill**

County Clerk By: cba
Receipt #: 28997
Batch Record: 215



0120171693A

Bradford Kendall
County Clerk



# Assignment of Deed of Trust/Mortgage

For Value received, the receipt and sufficiency of which are hereby acknowledged,
FV-I, Inc. as Trustee for Morgan Stanley Mortgage Capital Holdings LLC, 1585 Broadway, New York, NY
10036 ("Assignor"), hereby sells, assigns and transfers to WV 2017-1 Grantor Trust, 1140 Avenue of the
Americas, New York, NY 10036 ("Assignee"), without recourse, all of its rights and interests in: (i) the
following mortgage, deed of trust or security deed ("Security Instrument") from the below named grantor or
mortgagor to or for the benefit of Assignor; (ii) the property described therein; (iii) the Commercial
Promissory Note (the "Note") executed in connection therewith; and (iv) all of the other instruments
executed in connection with the loan evidenced and secured by the Security Instrument and Note, together
with all of the Assignor's rights appurtenant thereto;

| Title of Security Instrument: | Mortgage |
| Date of Security Instrument: | 10/18/2008 |
| Filed Date of Security Instrument: | 11/12/2008 |
| Book/Page or Instrument #: | Instrument No. 01 2008 11456 |
| Mortgagor or Grantor: | Robert A. Lauridsen and Beverly A. Lauridsen |
| Recording Office: | Dutchess County |
| Property Address: | 1011 Route 308, Rhinebeck, NY 12572 |

TO HAVE AND TO HOLD the same unto Assignee and unto its successors and assigns forever,
subject only to the terms and conditions of the above-described Mortgage.

Assignor is the present holder of the above described Mortgage.

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed as of $\frac{31}{}$ day
of $\frac{July}{}$, 2017.

I HEREBY CERTIFY that this instrument was drafted by or under the supervision of the Assignor.

FV-I, Inc. as Trustee for Morgan Stanley Mortgage
Capital Holdings LLC

By: Kevin A. Flanagan
TITLE: Authorized Signatory

State of Texas

County of Dallas

Before me, the undersigned, a Notary Public, in and for said County and State, this
___3 1___ day of ___J u l y_____, 2017, personally appeared Kevin A. Flanagan,
Authorized Signatory of FV-I, Inc. as Trustee for Morgan Stanley Mortgage Capital Holdings LLC, and
acknowledged the execution of the foregoing instrument.

_Soli Mesquite_

Notary Public

**Roseli Mesquita**
Notary Public.
State of Texas
Expires: 08/05/2019

Print Name: _Roseli Mesquita_

AUG 0 5 2019

My Commission expires: _____

This assignment is not subject to the requirements of Section 275 of the real property law because it is
an assignment within the secondary mortgage market.

**This document prepared by:**
Firm/Company: SingleSource Property Solutions
Address: 1000 Noble Energy Drive, Suite 300
City, State, Zip: Canonsburg, PA 15317

**This document returned to after recording:**
Abstrax LLC
88 Silva Lane
Middletown, RI 02842

Loan # ▮▮▮▮▮▮
MS Loan # ▮▮▮▮▮▮

## EXHIBIT A

ALL THAT CERTAIN PIECE OR PARCEL OF LAND SITUATE IN THE TOWN OF RHINEBECK, DUTCHESS COUNTY, NEW YORK, WHICH ACCORDING TO A DEED FROM JOSEPH L. OSBORN TO LOUIS A. FERNANDEZ AND RUTH A. FERNANDEZ, HIS WIFE, DATED AUGUST 24, 1983 AND RECORDED IN THE DUTCHESS COUNTY CLERK'S OFFICE IN LIBER 1609 OF DEEDS, PAGE 931 ON THE SAME DATE IS MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWN OF RHINEBECK, DUTCHESS COUNTY, NEW YORK BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WESTERLY SIDE OF THE RHINEBECK - ROCK CITY PUBLIC HIGH-WAY KNOWN AS ROUTE 308, WHICH POINT IS MARKED BY A CULVERT AND WHICH IS ON THE SOUTHWESTERLY INTERSECTION OF ROUTE 308 WITH THE OLD ROCK CITY ROAD RUNNING PAST THE RESIDENCE OF EUGENE L. ACKERT; GOING THENCE IN A SOUTHWESTERLY DIRECTION ALONG THE WESTERLY SIDE OF ROUTE 308 A DISTANCE OF ABOUT 300 FEET TO A POINT; THENCE WESTERLY A DISTANCE OF 55 FEET MORE OR LESS TO A LARGE TREE; THENCE IN A SOUTHWESTERLY DIRECTION TO A POINT WHICH IS THE SOUTHWESTERLY CORNER OF LANDS OF PEARSALL; THENCE EASTERLY ALONG THE SOUTHERLY BOUNDARY OF LANDS OF PEARSALL A DISTANCE OF ABOUT 50 FEET TO A POINT ON THE WESTERLY SIDE OF THE OLD ROCK CITY ROAD BEFORE MENTIONED; THENCE SOUTHEASTERLY ALONG THE WESTERLY SIDE OF THE OLD ROCK CITY ROAD A DISTANCE OF ABOUT 236 FEET TO THE POINT OR PLACE OF BEGINNING.

THE ABOVE PREMISES ARE FURTHER DESCRIBED BY A MORE RECENT SURVEY SECURED BY THE PURCHASER'S AS FOLLOWS:

ALL HAT PIECE, PARCEL OR TRACT OF LAND SITUATE IN THE TOWN OF RHINEBECK, DUTCHEAS COUNTY, NEW YORK, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT, SAID POINT BEING A BOLD RECOVERED ON THE WESTERLY LINE OF NEW YORK STATE ROUTE 308, SAID POINT BEING IN LINE OF LANDS OF N/F LEVY AND OTHERS LIBER 1634 ,PAGE 329; THENCE ALONG A NORTHERLY AND EASTERLY LINE OF SAID LANDS THE FOLLOWING TWO COURSES AND DISTANCES; N 49° 39' 14" W, 58.21 FEET TO A 36" OAK TREE; THENCE N 24° 25' 47" E, 457.28 FEET TO A RECOVERED FROM PIN IN THE SOUTHERLY LINE OF LANDS OF N/F APAP LIBER 839, PAGE 143; THENCE ALONG SAID LANDS S 79° 30' 43" E, 53.42 FEET TO A PIN SET ON THE WESTERLY LINE OF OLD ROCK CITY ROAD; THENCE ALONG THE WESTERLY LINE OF OLD ROCK CITY ROAD, AND THE WESTERLY LINE OF NEW YORK STATE ROUTE 308 THE FOLLOWING TEN COURSES AND DISTANCES: S 17° 00' 42" E, 41.96 FEET TO A POINT; THENCE S 4° 35' 16" E, 20.18 FEET TO A POINT; THENCE S 3° 48' 04" W, 52.90 FEET TO A POINT; THENCE S 15° 20' 54" W, 28.53 FEET TO A POINT; THENCE S 22° 27' 14" W, 32.06 FEET TO A POINT; THENCE S 27° 29' 48" W, 41.85 FEET TO A POINT; THENCE S 32° 18' W, 102.93 FEET TO A POINT; THENCE S 36° 15' 14" W, 55.80 FEET TO A POINT; THENCE S 42° 23' 51" W, 31.14 FEET TO A POINT; THENCE S 35° 59' 04" W, 101.35 FEET TO THE POINT OR PLACE OF BEGINNING.

CONTAINING 1.004 ACRES.



## Dutchess County Clerk Recording Page

Record & Return To:

LINEAR SETTLEMENT SERVICES, LLC
127 JOHN CLARKE ROAD

MIDDLETOWN, RI 02842

| | |
|---|---|
| Date Recorded: | 1/2/2018 |
| Time Recorded: | 12:45 PM |

Document #:   01-2018-50007A

Received From: Simplifile

Assignor: WV 2017 1 GRANTOR TRUST
Assignee: CASCADE FUNDING LP SERIES 1

Recorded In:   ASSIGNMENT OF MORTGAGE
Instrument Type:   ASSN
Original Mortgagor: LAURIDSEN ROBERT A

### Examined and Charged As Follows :

Recording Charge:   $60.50

Number of Pages:   4

**\*\*\* Do Not Detach This Page**
**\*\*\* This is Not A Bill**

County Clerk By:   SYS
Receipt #:   83
Batch Record:   2



01201850007A

Bradford Kendall
County Clerk



Prepared By:
WV 2017-1 Grantor Trust
1140 Avenue of the Americas, 7th Floor
New York, NY 10036

When recorded mail to:
Abstrax, LLC
Attn: Collateral Dept.
88 Silva Lane, 2nd Floor
Middletown, RI 02842

MERS# 100250500000006373
MERS Phone: 1-888-679-6377
**ASSIGNMENT OF MORTGAGE**

S/B/L:
FOR VALUE RECEIVED, the undersigned, WV 2017-1 Grantor Trust, by Abstrax, LLC as its appointed attorney in fact, whose address is 1140 Avenue of the Americas, New York, NY 10036, hereby assign and transfer to Cascade Funding, LP, Series 1, by Abstrax, LLC its appointed attorney in fact, whose address is 1140 Avenue of the Americas, 7th Floor, New York, NY 10036, all its right, title and all beneficial interest in and to a certain Mortgage and Note, executed by Robert A. Lauridsen and Beverly A. Lauridsen to Mortgage Electronic Registration Systems, Inc., as nominee for Cambridge Home Capital, LLC., a New York Limited Liability Company and bearing the date of October 18, 2008 and recorded on November 12, 2008, with an original loan amount of $162,000.00 in the office of the Recorder of Dutchess County, State of NY, in Book NA at Page NA or Instrument # 01 2008 11456.

Property Address: 1011 Rt 308, Rhinebeck, NY 12572
Legal Description: See Attached Exhibit A.
PIN # APN: Section 6371 Block 00 Lot 390545

Chain of Assignments:

Section 275: This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on **10 - 3 - 17**

WV 2017-1 Grantor Trust, by Abstrax, LLC as its appointed attorney in fact

By:
Name: Jeffrey Legolano
Title: Vice President

Property Address: 1011 Rt 308, Rhinebeck, NY 12572

State of    Rhode Island  )

County of   Newport  )

On /0/3/17 , before me, _Tammy J. Mello_ , Notary Public, Personally appeared Jeffrey LeBlanc, who is the Vice President of Abstrax, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they/ executed the same in he/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of Rhode Island that the foregoing paragraph is true and correct.

WITNESS my hand and official seal:

Notary Public in and for said County and State

My Commission Expires: 4 - 5 - 19    (SEAL)

TAMMY J. MELLO
Notary Public, State of Rhode Island
My Commission Expires April 5, 2019

EXHIBIT A

ALL THAT CERTAIN PIECE OR PARCEL OF LAND SITUATE IN THE TOWN OF RHINEBECK, DUTCHESS COUNTY, NEW YORK, WHICH ACCORDING TO A DEED FROM JOSEPH L. OSBORN TO LOUIS A. FERNANDEZ AND RUTH A. FERNANDEZ, HIS WIFE, DATED AUGUST 24, 1983 AND RECORDED IN THE DUTCHESS COUNTY CLERK'S OFFICE IN LIBER 1609 OF DEEDS, PAGE 931 ON THE SAME DATE IS MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWN OF RHINEBECK, DUTCHESS COUNTY, NEW YORK BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WESTERLY SIDE OF THE RHINEBECK - ROCK CITY PUBLIC HIGH-WAY KNOWN AS ROUTE 308, WHICH POINT IS MARKED BY A CULVERT AND WHICH IS ON THE SOUTHWESTERLY INTERSECTION OF ROUTE 308 WITH THE OLD ROCK CITY ROAD RUNNING PAST THE RESIDENCE OF EUGENE L. ACKERT; GOING THENCE IN A SOUTHWESTERLY DIRECTION ALONG THE WESTERLY SIDE OF ROUTE 308 A DISTANCE OF ABOUT 300 FEET TO A POINT; THENCE WESTERLY A DISTANCE OF 55 FEET MORE OR LESS TO A LARGE TREE; THENCE IN A GENERAL NORTHEASTERLY DIRECTION TO A POINT WHICH IS THE SOUTHWESTERLY CORNER OF LANDS OF PEARSALL; THENCE EASTERLY ALONG THE SOUTHERLY BOUNDARY OF LANDS OF PEARSALL A DISTANCE OF ABOUT 50 FEET TO A POINT ON THE WESTERLY SIDE OF THE OLD ROCK CITY ROAD BEFORE MENTIONED; THENCE SOUTHEASTERLY ALONG THE WESTERLY SIDE OF THE OLD ROCK CITY ROAD A DISTANCE OF ABOUT 236 FEET TO THE POINT OR PLACE OF BEGINNING.

THE ABOVE PREMISES ARE FURTHER DESCRIBED BY A MORE RECENT SURVEY SECURED BY THE PURCHASER'S AS FOLLOWS:

ALL HAT PIECE, PARCEL OR TRACT OF LAND SITUATE IN THE TOWN OF RHINEBECK, DUTCHEAS COUNTY, NEW YORK, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT, SAID POINT BEING A BOLD RECOVERED ON THE WESTERLY LINE OF NEW YORK STATE ROUTE 308, SAID POINT BEING IN LINE OF LANDS OF N/F LEVY AND OTHERS LIBER 1634 ,PAGE 329; THENCE ALONG A NORTHERLY AND EASTERLY LINE OF SAID LANDS THE FOLLOWING TWO COURSES AND DISTANCES; N 49° 39' 14" W, 58.21 FEET TO A 36" OAK TREE; THENCE N 24° 25' 47" E, 457.28 FEET TO A RECOVERED FROM PIN IN THE SOUTHERLY LINE OF LANDS OF N/F APAP LIBER 839, PAGE 143; THENCE ALONG SAID LANDS S 79° 30' 43" E, 53.42 FEET TO A PIN SET ON THE WESTERLY LINE OF OLD ROCK CITY ROAD; THENCE ALONG THE WESTERLY LINE OF OLD ROCK CITY ROAD, AND THE WESTERLY LINE OF NEW YORK STATE ROUTE 308 THE FOLLOWING TEN COURSES AND DISTANCES: S 17° 00' 42" E, 41.96 FEET TO A POINT; THENCE S 4° 35' 16" E, 20.18 FEET TO A POINT; THENCE S 3° 48' 04" W, 52.90 FEET TO A POINT; THENCE S 15° 20' 54" W, 28.53 FEET TO A POINT; THENCE S 22° 27' 14" W, 32.06 FEET TO A POINT; THENCE S 27° 29' 48" W, 41.85 FEET TO A POINT; THENCE S 32° 18' W, 102.93 FEET TO A POINT; THENCE S 36° 15' 14" W, 55.80 FEET TO A POINT; THENCE S 42° 23' 51" W, 31.14 FEET TO A POINT; THENCE S 35° 59' 04" W, 101.35 FEET TO THE POINT OR PLACE OF BEGINNING.

CONTAINING 1.004 ACRES.



## Dutchess County Clerk Recording Page

Record & Return To:

LINEAR SETTLEMENT SERVICES, LLC
127 JOHN CLARKE ROAD

MIDDLETOWN, RI 02842

| | |
|---|---|
| Date Recorded: | 1/2/2018 |
| Time Recorded: | 12:45 PM |
| Document #: | 01-2018-50008A |

Received From: Simplifile

Assignor: CASCADE FUNDING LP SERIES I
Assignee: CASCADE FUNDING MORTGAGE TRUST 2017 1

Recorded In: ASSIGNMENT OF MORTGAGE
Instrument Type: ASSN
Original Mortgagor: LAURIDSEN ROBERT A

### Examined and Charged As Follows :

Recording Charge:  $60.50

Number of Pages:  4

\*\*\* Do Not Detach This Page
\*\*\* This is Not A Bill

| | |
|---|---|
| County Clerk By: | SYS |
| Receipt #: | 83 |
| Batch Record: | 2 |



Bradford Kendall
County Clerk



01201850008A

Prepared By:
Cascade Funding, LP, Series 1
1140 Avenue of the Americas, 7th Floor
New York, NY 10036

When recorded mail to:
Abstrax, LLC
Attn: Collateral Dept.
83 Silva Lane, 2nd Floor
Middletown, RI 02842

MERS# 100250500000006373
MERS Phone: 1-888-679-6377
**ASSIGNMENT OF MORTGAGE**

S/B/L:

FOR VALUE RECEIVED, the undersigned, Cascade Funding, LP, Series 1, by Abstrax, LLC its appointed attorney in fact, whose address is 1140 Avenue of the Americas, 7th Floor, New York, NY 10036, hereby assign and transfer to Cascade Funding Mortgage Trust 2017-1, whose address is 1140 Avenue of the Americas, 7th Floor, New York, NY 10036, all its right, title and all beneficial interest in and to a certain Mortgage and Note, executed by Robert A. Lauridsen and Beverly A. Lauridsen to Mortgage Electronic Registration Systems, Inc., as nominee for Cambridge Home Capital, LLC., a New York Limited Liability Company and bearing the date of October 18, 2008 and recorded on November 12, 2008, with an original loan amount of $162,000.00 in the office of the Recorder of Dutchess County, State of NY, in Book NA at Page NA or Instrument # 01 2008 11456.

Property Address: 1011 Rt 308, Rhinebeck, NY 12572
Legal Description: See Attached Exhibit A.
PIN # APN: Section 6371 Block 00 Lot 390545

Chain of Assignments:

Section 275: This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on __10·3·17__

Cascade Funding, LP, Series 1, by Abstrax, LLC its appointed attorney in fact

By:
Name: Jeffrey LeBlanc
Title: Vice President

Property Address: 1011 Rt 308, Rhinebeck, NY 12572

State of   Rhode Island )

County of  Newport )

On _10/3/17_, before me, _Tammy Mello_, Notary Public, Personally appeared Jeffrey LeBlanc, who is the Vice President of Abstrax, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they/ executed the same in he/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of Rhode Island that the foregoing paragraph is true and correct.

WITNESS my hand and official seal:

Notary Public in and for said County and State

My Commission Expires: _4-5-19_   (SEAL)

> TAMMY J. MELLO
> Notary Public, State of Rhode Island
> My Commission Expires April 5, 2019

EXHIBIT A

ALL THAT CERTAIN PIECE OR PARCEL OF LAND SITUATE IN THE TOWN OF RHINEBECK, DUTCHESS COUNTY, NEW YORK, WHICH ACCORDING TO A DEED FROM JOSEPH L. OSBORN TO LOUIS A. FERNANDEZ AND RUTH A. FERNANDEZ, HIS WIFE, DATED AUGUST 24, 1983 AND RECORDED IN THE DUTCHESS COUNTY CLERK'S OFFICE IN LIBER 1609 OF DEEDS, PAGE 931 ON THE SAME DATE IS MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWN OF RHINEBECK, DUTCHESS COUNTY, NEW YORK BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WESTERLY SIDE OF THE RHINEBECK - ROCK CITY PUBLIC HIGH-WAY KNOWN AS ROUTE 308, WHICH POINT IS MARKED BY A CULVERT AND WHICH IS ON THE SOUTHWESTERLY INTERSECTION OF ROUTE 308 WITH THE OLD ROCK CITY ROAD RUNNING PAST THE RESIDENCE OF EUGENE L. ACKERT; GOING THENCE IN A SOUTHWESTERLY DIRECTION ALONG THE WESTERLY SIDE OF ROUTE 308 A DISTANCE OF ABOUT 300 FEET TO A POINT; THENCE WESTERLY A DISTANCE OF 55 FEET MORE OR LESS TO A LARGE TREE; THENCE IN A GENERAL NORTHEASTERLY DIRECTION TO A POINT WHICH IS THE SOUTHWESTERLY CORNER OF LANDS OF PEARSALL; THENCE EASTERLY ALONG THE SOUTHERLY BOUNDARY OF LANDS OF PEARSALL A DISTANCE OF ABOUT 50 FEET TO A POINT ON THE WESTERLY SIDE OF THE OLD ROCK CITY ROAD BEFORE MENTIONED; THENCE SOUTHEASTERLY ALONG THE WESTERLY SIDE OF THE OLD ROCK CITY ROAD A DISTANCE OF ABOUT 236 FEET TO THE POINT OR PLACE OF BEGINNING.

THE ABOVE PREMISES ARE FURTHER DESCRIBED BY A MORE RECENT SURVEY SECURED BY THE PURCHASER'S AS FOLLOWS:

ALL HAT PIECE, PARCEL OR TRACT OF LAND SITUATE IN THE TOWN OF RHINEBECK, DUTCHEAS COUNTY, NEW YORK, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT, SAID POINT BEING A BOLD RECOVERED ON THE WESTERLY LINE OF NEW YORK STATE ROUTE 308, SAID POINT BEING IN LINE OF LANDS OF N/F LEVY AND OTHERS LIBER 1634 ,PAGE 329; THENCE ALONG A NORTHERLY AND EASTERLY LINE OF SAID LANDS THE FOLLOWING TWO COURSES AND DISTANCES; N 49° 39' 14" W, 58.21 FEET TO A 36" OAK TREE; THENCE N 24° 25' 47" E, 457.28 FEET TO A RECOVERED FROM PIN IN THE SOUTHERLY LINE OF LANDS OF N/F APAP LIBER 839, PAGE 143; THENCE ALONG SAID LANDS S 79° 30' 43" E, 53.42 FEET TO A PIN SET ON THE WESTERLY LINE OF OLD ROCK CITY ROAD; THENCE ALONG THE WESTERLY LINE OF OLD ROCK CITY ROAD, AND THE WESTERLY LINE OF NEW YORK STATE ROUTE 308 THE FOLLOWING TEN COURSES AND DISTANCES: S 17° 00' 42" E, 41.96 FEET TO A POINT; THENCE S 4° 35' 16" E, 20.18 FEET TO A POINT; THENCE S 3° 48' 04" W, 52.90 FEET TO A POINT; THENCE S 15° 20' 54" W, 28.53 FEET TO A POINT; THENCE S 22° 27' 14" W, 32.06 FEET TO A POINT; THENCE S 27° 29' 48" W, 41.85 FEET TO A POINT; THENCE S 32° 18' W, 102.93 FEET TO A POINT; THENCE S 36° 15' 14" W, 55.80 FEET TO A POINT; THENCE S 42° 23' 51" W, 31.14 FEET TO A POINT; THENCE S 35° 59' 04" W, 101.35 FEET TO THE POINT OR PLACE OF BEGINNING.

CONTAINING 1.004 ACRES.



## Dutchess County Clerk Recording Page

Record & Return To:

MERIDIAN ASSET SERVICES - API
3201 34TH ST S STE 310

ST PETERSBURG, FL 33711

Date Recorded: 2/14/2020
Time Recorded: 3:10 PM

Document #: 01-2020-50236A

Received From: MERIDIAN ASSET SERVICES - API

Assignor: BAYVIEW DISPOSITIONS IVA LLC
Assignee: CAMBRIDGE HOME CAPITAL LLC

Recorded In: ASSIGNMENT OF MORTGAGE
Instrument Type: CORR
Original Mortgagor: LAURIDSEN ROBERT A
Comment: REFERENCE NOT MADE WRONG BANK SIGNING IN FOR 2008 MTG PLEASE REFER TO OUR WEBSITE

### Examined and Charged As Follows :

Recording Charge: $56.00

Number of Pages: 3

**\*\*\* Do Not Detach This Page**
**\*\*\* This is Not A Bill**

County Clerk By: Sim
Receipt #: 4646
Batch Record: 32

Bradford Kendall
County Clerk





01202050236A

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

_____  Space above for Recorder's use _____

Section: N/A Lot: N/A Block: N/A
Loan No: [             ]



11141692

## CORRECTIVE ASSIGNMENT OF MORTGAGE

\*\*\*This Assignment is being recorded to correct and replace the Assignment recorded on 08/26/2016 as
Instrument# 01-2016-1442A in the records of the Clerk of Dutchess County, NY to correct the Assignee\*\*\*
FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the
undersigned, BAYVIEW DISPOSITIONS IVA, LLC, whose address is 4425 PONCE DE LEON BLVD., 5TH
FLOOR, CORAL GABLES, FL 33146. (ASSIGNOR), does hereby grant, assign and transfer to MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR
CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY, ITS
SUCCESSORS AND ASSIGNS, whose address is 1901 E. VOORHEES ST., SUITE C, DANVILLE, IL 61834;
P.O. BOX 2026, FLINT, MI 48501-2026, (ASSIGNEE), its successors, transferees and assigns forever, all interest,
all liens, and any rights due or to become due thereon under that certain mortgage described below.

Date of Mortgage: 10/18/2008
Original Loan Amount: $162,000.00
Executed by (Borrower(s)): ROBERT A. LAURIDSEN & BEVERLY A. LAURIDSEN
Original Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE,
AS NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY
COMPANY, ITS SUCCESSORS AND ASSIGNS
Filed of Record: In Book/Liber/Volume N/A, Page N/A
Document/Instrument No: 01 2008 11456 in the Recording District of DUTCHESS, NY, Recorded on 11/12/2008.

Property more commonly described as: 1011 ROUTE 308, RHINEBECK, NEW YORK 12572

*This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.*

MIN# 100250500000006373          MERS PH# 1-888-679-MERS

3121274  WAM Legacy 11141692



IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board
of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **JAN 27 2020**

**BAYVIEW DISPOSITIONS IVA, LLC**

By: ESLOAN SOTOLONGO
Title: **ASSISTANT VICE PRESIDENT**

Witness Name: _DIANA MAGEE_

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF
THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED. AND NOT THE
TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of **FLORIDA**
County of **MIAMI-DADE**

On **JAN 27 2020** , before me, **ROGELIO A. PORTAL**, a Notary Public, personally
appeared **ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT** of/for **BAYVIEW DISPOSITIONS IVA,
LLC**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY
under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify **ESLOAN
SOTOLONGO**, signed, sealed, attested and delivered this document as a voluntary act in my presence in the County
of **MIAMI-DADE**, State of **FLORIDA**.

Witness my hand and official seal.

(Notary Name): **ROGELIO A. PORTAL**
My commission expires: **08/25/2020**

```
ROGELIO A. PORTAL
Notary Public-State of Florida
Commission # FF 993630
My Commission Expires
August 25, 2020
```

3121274 WAM Legacy 11141692



## Dutchess County Clerk Recording Page

Record & Return To:

MERIDIAN ASSET SERVICES - API
3201 34TH ST S STE 310

ST PETERSBURG, FL 33711

Date Recorded:     8/24/2020
Time Recorded:     4:23 PM

Document #:     01-2020-51156A

Received From: MERIDIAN ASSET SERVICES - API

Assignor:  CASCADE FUNDING MORTGAGE TRUST 2017 1
Assignee: WATERFALL VICTORIA GRANTOR TRUST II SERIES G

Recorded In:     ASSIGNMENT OF MORTGAGE
Instrument Type:     ASSN
Original Mortgagor: LAURIDSEN ROBERT A

### Examined and Charged As Follows :

Recording Charge:     $55.50

Number of Pages:     3

\*\*\* **Do Not Detach This Page**
\*\*\* **This is Not A Bill**

County Clerk By:     Sim
Receipt #:     21275
Batch Record:     179

Bradford Kendall
County Clerk



01202051156A

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

Space above for Recorder's use _____

Section: N/A Lot: N/A Block: N/A
Loan No▮▮▮▮▮▮▮


12645524

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **CASCADE FUNDING MORTGAGE TRUST 2017-1**, whose address is **1251 AVENUE OF THE AMERICAS, 50TH FLOOR, NEW YORK, NY 10020**, (ASSIGNOR), does hereby grant, assign and transfer to **WATERFALL VICTORIA GRANTOR TRUST II, SERIES G**, whose address is **1251 AVENUE OF THE AMERICAS, 50TH FLOOR, NEW YORK, NY 10020**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **10/18/2008**
Original Loan Amount: **$162,000.00**
Executed by (Borrower(s)): **ROBERT A. LAURIDSEN & BEVERLY A. LAURIDSEN**
Original Lender: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS**
Filed of Record: In Book/Liber/Volume N/A, Page N/A
Document/Instrument No: **01 2008 11456** in the Recording District of Dutchess, NY, Recorded on **11/12/2008**.
**This Assignment of Mortgage shall be deemed Effective as of 7/27/2020**

Property more commonly described as: **1011 ROUTE 308, RHINEBECK, NEW YORK 12572**

*This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.*

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **8/7/2020**

CASCADE FUNDING MORTGAGE TRUST 2017-1, BY AMC DILIGENCE, LLC, ITS ATTORNEY-IN-FACT

**BY: MURAT DENIZ**
Title: **VICE PRESIDENT**

Witness Name: **ALYSSA ALLAMONG**

---

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

---

State of **FLORIDA**
County of **PINELLAS**

On **8/7/2020**, before me, **BRIANNA DAVIAU**, a Notary Public, personally appeared **MURAT DENIZ, VICE PRESIDENT** of/for **AMC DILIGENCE, LLC, AS ATTORNEY-IN-FACT FOR CASCADE FUNDING MORTGAGE TRUST 2017-1**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify the foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization and that **MURAT DENIZ**, signed, sealed, attested and delivered this document as a voluntary act in my presence in the County of **PINELLAS**, State of **FLORIDA.**

Witness my hand and official seal.

(Notary Name): **BRIANNA DAVIAU**
My commission expires: **05/20/2024**

Brianna Daviau
Notary Public
State of Florida
Comm# HH002315
Expires 5/20/2024

3121274 1080 - Morgan Stanley NPL 12645524



## Dutchess County Clerk Recording Page

Record & Return To:

MERIDIAN ASSET SERVICES - API
3201 34TH ST S STE 310

ST PETERSBURG, FL 33711

Date Recorded: 7/16/2021
Time Recorded: 2:00 PM

Document #: 01-2021-50958A

Received From: MERIDIAN ASSET SERVICES - API

Assignor: WATERFALL VICTORIA GRANTOR TRUST II SERIES G
Assignee: US BANK TRUST NA

Recorded In: ASSIGNMENT OF MORTGAGE
Instrument Type: ASSN
Original Mortgagor: LAURIDSEN ROBERT A

### Examined and Charged As Follows :

Recording Charge: $55.50

Number of Pages: 3

**\*\*\* Do Not Detach This Page**
**\*\*\* This is Not A Bill**

County Clerk By: Sim
Receipt #: 24095
Batch Record: 147



Bradford Kendall
County Clerk

01202150958A

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(239) 351-2442

_____ Space above for Recorder's use _____

Section: **N/A** Lot: **N/A** Block: **N/A**
Loan No: 3121274



14549255

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **WATERFALL VICTORIA GRANTOR TRUST II, SERIES G**, whose address is **1251 AVENUE OF THE AMERICAS, 50TH FLOOR, NEW YORK, NY 10020**, (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST, N.A. AS TRUSTEE FOR WATERFALL VICTORIA GRANTOR TRUST II, SERIES G**, whose address is **1251 AVENUE OF THE AMERICAS, 50TH FLOOR, NEW YORK, NY 10020**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **10/18/2008**
Original Loan Amount: **$162,000.00**
Executed by (Borrower(s)): **ROBERT A. LAURIDSEN & BEVERLY A. LAURIDSEN**
Original Lender: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR CAMBRIDGE HOME CAPITAL, LLC., A NEW YORK LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS**
Filed of Record:  In Book/Liber/Volume **N/A**, Page **N/A**
Document/Instrument No: **01 2008 11456** in the Recording District of **Dutchess**, **NY**, Recorded on **11/12/2008**.

Property more commonly described as: **1011 ROUTE 308, RHINEBECK, NEW YORK 12572**

*This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.*

3121274 1080 - Morgan Stanley NPL 14549255

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **6/30/2021**

**WATERFALL VICTORIA GRANTOR TRUST II, SERIES G, BY AMC DILIGENCE, LLC, ITS ATTORNEY-IN-FACT**

By: **MURAT DENIZ**
Title: **VICE PRESIDENT**

Witness Name: **DIEP DOAN**

---

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

---

State of     **FLORIDA**
County of    **PINELLAS**

On **6/30/2021**, before me, **JEFF G. JORDAN**, a Notary Public, personally appeared **MURAT DENIZ, VICE PRESIDENT** of/for **AMC DILIGENCE, LLC, AS ATTORNEY-IN-FACT FOR WATERFALL VICTORIA GRANTOR TRUST II, SERIES G**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify the foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization and that **MURAT DENIZ**, signed, sealed, attested and delivered this document as a voluntary act in my presence in the County of **PINELLAS**, State of **FLORIDA**.

Witness my hand and official seal.

(Notary Name): **JEFF G. JORDAN**
My commission expires: **02/26/2024**

Jeff G. Jordan
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG962762
Expires 2/26/2024

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**POUGHKEEPSIE DIVISION**
---------------------------------------------------------------------X

In Re:                                          **Case Number: 22-35165-CGM**
                                                **Chapter: 11**

Robert A. Lauridsen,

            Debtor(s).

---------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Objection to Plan and a copy

of these pleadings were served upon the parties listed below through the Court's ECF

mailing system on <u>August 11, 2023</u>, and to the following via U.S. First Class Mail,

postage prepaid on or before <u>August 14, 2023</u>:

**Attorney for Debtor**
H. Bruce Bronson, Jr.
Bronson Law Offices, P.C.
480 Mamaroneck Avenue
Harrison, NY 10528-0023

**US Trustee**

United States Trustee                  **Attorney for UST**
Office of the United States Trustee    Alicia M. Leonhard
11A Clinton Ave.                       Trial Attorney
Room 620                               Leo O'Brien Federal Building
Albany, NY 12207                       11A Clinton Avenue, Room 620
                                       Albany, New York 12207

**Debtor in Possession**
Robert A. Lauridsen
1011 Route 308
Rhinebeck, NY 12572-3433

**Other parties requesting notice**

Denise Singh Skeete, Esq.
Kosterich & Skeete, LLC
707 Westchester Ave., Suite 302
White Plains, NY 10604

4151-N-5804

Respectfully submitted,

/s/ Wesley T. Kozeny
Wesley T. Kozeny
Bonial & Associates, P.C.
12400 Olive Blvd, Suite 555
St. Louis, Missouri 63141
Phone: (314) 991-0255
Fax: (314) 991-6755
NYBK@BonialPC.Com
Attorney for Specialized Loan Servicing
LLC