UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re:

    ROBERT A. LAURIDSEN,

                             Debtor

Case No.: 22-35165 (CGM)

Chapter 11

----------------------------------------------------------------X

## ORDER CONFIRMING
## CHAPTER 11 PLAN OF REORGANIZATION

ROBERT A. LAURIDSEN, the above-referenced debtor and debtor in possession (the "**Debtor**" or "**Reorganized Debtor**"), having filed a Plan of Reorganization dated July 17, 2023 [ECF Docket No. 83] (the "**Plan**") under Chapter 11 of the Bankruptcy Code (the "**Code**") and a Disclosure Statement dated July 17, 2023 [ECF Docket No. 82] and the exhibits thereto (the "**Disclosure Statement**"); and the Debtor having made non-material changes to the Plan and Disclosure Statement and having filed a red-lined copy of such changes on the docket [ECF Docket Nos. 126 and 125, respectively]; the Court having entered an Order (the "**Scheduling Order**") on December 13, 2023, (1) approving the Disclosure Statement pursuant to Sections 105(d)(vi) and 1125 (f)(3)(A) and (C) and Fed. R. Bankr. P. 3017 of the Code for transmission to holders of claims, (2) scheduling a hearing to consider confirmation of the Plan for January 23, 2024 at 9:00 a.m., (3) setting a deadline of December 16, 2023 for service of the Scheduling Order, the Plan and the Disclosure Statement and related exhibits, (4) setting a deadline of (i) January 16, 2024 for filing and serving objections to the confirmation of the Plan, (ii) setting a deadline of January 16, 2024, for submission of ballots, and (iii) setting a deadline of January 19, 2024 for the debtor to cause a certification of the ballots cast on the Plan to be filed, [ECF Docket No.: 123]; and a hearing to consider confirmation of the Plan having been held on January 23, 2024 (the "**Hearing**") pursuant to notice as heretofore directed; and an affidavit of service having been filed herein evidencing

compliance with such notice [ECF Docket No.:127]; and upon the entire record of this case and the minutes taken at the Hearing; and the certification of H. Bruce Bronson, Esq. of the ballots cast in acceptance of and in rejection to the Plan dated January 19, 2024 [ECF Docket No. 132]; and all objections having been overruled; and the Court having considered the testimony or proffers offered by the Debtor and parties in interest and all pleadings submitted in connection with the final approval of the Plan; and upon all proceedings heretofore had herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**FOUND AND DETERMINED** that:

A. As shown by the Certificate of Service/Declaration of Mailing [ECF Docket No. 127], the Scheduling Order, the Disclosure Statement with the Plan were duly served upon all Creditors and parties in interest in accordance with the Scheduling Order, and such notice is proper, timely, adequate and sufficient notice of the Hearing to consider final approval of the Disclosure Statement and confirmation of the Plan under applicable Bankruptcy Rules, and no further or other notice of the Hearing or entry of this Order is necessary.

B. This Court has jurisdiction over the subject matter of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (D), (L), (M), and (O) over which this Court has jurisdiction to enter a final order. Venue of the Debtor's chapter 11 case is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The Disclosure Statement provides adequate information to all parties in interest to make an informed decision concerning the Plan as required by Code §1125. The Debtor has complied with the applicable provisions of the Code in disclosing,

proposing and soliciting acceptances of and seeking confirmation of the Plan.

D. The Plan has no impaired creditors and therefore no votes on the Plan are required.

E. The Plan complies with all applicable provisions of the Code and Rule 3016 of the Bankruptcy Rules.

F. The Plan and all agreements to be approved in connection therewith have been proposed in good faith and not by any means forbidden by law and have been proposed for valid business purposes to satisfy the substantial obligations of the Debtor.

G. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor except as specifically set forth in the Plan.

H. The Plan provides for treatment of Administrative Expense Claims, Priority Tax Claims and all other Claims entitled to priority pursuant to Section 507(a) of the Code in the manner required pursuant to Sections 1129(a)(9)(A), (B) and (C), as applicable, although there are no holders of Claims of a kind specified in Sections 507(a) (1), (3), (4), (5), (6), (7), (9) or (10) of the Code.

I. Since there are no impaired claims within the meaning of Section 1124 of the Code no acceptance of the Plan was solicited.

J. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid in full on the Effective Date.

K. There exists no governmental regulatory commission with jurisdiction over the rates of the Debtor, and therefore Section 1129(a)(6) of the Code is inapplicable.

L. There are no Claims for retiree benefits, and therefore Section 1114 of the Code is

      inapplicable.

M. The Plan satisfies the requirements of Sections 1122 and 1123 of the Code, and the classification of Claims and Interests are reasonable and not impermissibly discriminatory.

N. There is no other plan of reorganization that has been moved for confirmation. The Plan is therefore the only plan pending before the Court.

O. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of Claims that is impaired under, and has not accepted, or is deemed to reject, the Plan.

P. The objection of Waterfall Vicotria Grantor Trust II, Series G to Debtor's Plan on the basis that its claim is impaired is overruled for the reasons stated by this Court at the hearing.

Q. All applicable requirements of section 1129(a) and (b) of the Code have been met under the Plan.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The findings of this Court set forth above, together with all other bench findings, findings of fact and conclusions of law made by this Court during the Hearing to consider confirmation of the Plan, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

2. The Plan, a copy of which is on file with the Court and has been previously served upon all of the Debtor's creditors and parties in interest, be and the same hereby is, confirmed pursuant to Sections 1129(b) and 1141 of the Code, and the objection of Ridgewood is overruled.

3. The Debtor is hereby authorized and directed to take any and all actions, and execute and deliver any and all instruments and documents that he deems necessary and appropriate to effect and consummate the Plan and carry out this Order in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws, and having the same effect of such authorizations and approvals under such laws, without any requirement of further order of this Court. The approvals and authorizations specifically set forth in this Order and the Plan are nonexclusive and are not intended to limit the authority of the Debtor or Reorganized Debtor to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Order.

4. Except as otherwise provided in the Plan, on the Effective Date, pursuant to sections 1141(b) and (c) of the Code, all property of the Debtor's estate shall vest in the Debtor as a Reorganized Debtor free and clear of all Claims, Liens, encumbrances, and charges, and other interests, except such liens, claims and encumbrances approved pursuant to this Order. On and after the Effective Date, the Debtor may use, acquire, and dispose of property free of any restrictions of the Code or the Bankruptcy Rules in all respects as if there were no pending cases under any chapter or provision of the Code. For the avoidance of doubt the Property shall remain subject to Ridgewood's mortgage.

5. In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall govern.

6. Except with respect to Claims filed late, the Reorganized Debtor shall, within ninety (90) days from the Effective Date, subject to extension by further Order of this Court, file any and all objections to the allowance of any Claim to which objection has not heretofore been made, and shall bring on for hearing such objections and any other pending objections as promptly as

practicable. The Reorganized Debtor is authorized and empowered to commence any adversary proceeding necessary to the proper adjudication of such objection, or necessarily related to same. In the event of the failure to file and serve any objection to a proof of Claim, or motion to amend schedules with like effect, within said ninety (90) day period, and such period is not further extended by the Court, such objections shall be deemed waived.

7.   All executory contracts or unexpired leases assumed by the Debtor (the "**Assumed Agreements**") shall remain in full force and effect for the benefit of the Reorganized Debtor and be enforceable by the Reorganized Debtor in accordance with their terms notwithstanding any provision in such Assumed Agreements that prohibits, restricts or conditions such assumption, assignment or transfer. The assumption of the Assumed Agreements shall be free and clear of all liens, encumbrances, pledges, mortgages, deeds of trust, security interests, claims, charges, options, rights of first refusal, easements, servitudes, proxies, voting trusts or agreements, and/or transfer restrictions under any shareholder or similar agreement or encumbrance. Any provision in the Assumed Agreements that purports to declare a breach or default based in whole or in part on the Debtor's chapter 11 cases is hereby deemed unenforceable, and the Assumed Agreements shall remain in full force and effect.

8.   Pursuant to Section 1146(a) of the Code, (i) the issuance, transfer, or exchange of notes or equity securities, (ii) the creation of any mortgage, deed of trust, lien, pledge, or other security interest, (iii) the making or assignment of or surrender of any lease or sublease, or (iv) the making of or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, and any merger agreements, agreements of restructuring, disposition, liquidation or dissolution, any deeds, bills of sale, transfers of tangible property, or assignments executed in connection with any disposition of assets contemplated by the Plan, shall not be taxed

under any law imposing a stamp tax or similar tax.

9.      Except to the extent otherwise provided in the Plan, the treatment of all Claims against the Debtor under the Plan shall be in exchange for and in complete satisfaction, discharge and release of, all Claims against the Debtor of any nature whatsoever, known or unknown, including any interest accrued or expenses incurred thereon from and after the Petition Date, or against his Estate or properties or interests in property arising prior to the Effective Date. Except as otherwise provided in the Plan, upon the Effective Date, all Claims against the Debtor shall be satisfied, discharged and released in full in exchange for the consideration provided under the Plan. Except as otherwise provided in the Plan, all entities shall be precluded from asserting against the Debtor, the Reorganized Debtor, or their respective properties or interests in property, any other Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date. Provided, however, no injunction or discharge shall impair the rights of Waterfall Victoria Grantor Trust II, Series G, or its successors and assigns under and in connection with the mortgage it holds that encumbers the Property.

10.     Except as otherwise specifically provided in the Plan or this Order, all Entities who have held, hold or may hold Claims, rights, causes of action, liabilities based upon any act or omission, transaction or other activity of any kind or nature related to the Debtor that occurred prior to the Effective Date, other than as expressly provided in the Plan or this Order, regardless of the filing, lack of filing, allowance or disallowance of such a Claim and regardless of whether such Entity has voted to accept the Plan and any successors, assigns or representatives of such Entities shall be precluded and permanently enjoined on and after the Effective Date from (i) the commencement or **continuation** in any manner of any claim, action or other proceeding of any kind with respect to any Claim or any other right or claim against the Debtor or Reorganized Debtor,

7

which they possessed or may possess prior to the Effective Date, (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any Claim or any other right or claim against the Debtor or Reorganized Debtor which such Entities possessed or may possess prior to the Effective Date, (iii) the creation, perfection or enforcement of any encumbrance of any kind with respect to any Claim or any other right or claim against the Debtor or Reorganized Debtor or any of their assets, which they possessed prior to the Effective Date, (iv) the assertion of any Claim that is released under the Plan, and (v) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or Reorganized Debtor, or against the property or interests in any of their respective property with respect to any Claim.  Waterfall Vicotria Grantor Trust II, Series G shall discontinue any action it has pending against Debtor and remove any Lis Pendens that it has filed. Alternatively, Debtor can file a copy of this order on the State Court Docket as evidence of termination of any litigation.

11. The Reorganized Debtor shall mail a copy of this Order to all parties who filed a notice of appearance in this case.

12. The Reorganized Debtor shall file a closing report in accordance with Local Bankruptcy Rule 3022-1.

13. If and to the extent a Final Decree has not been entered, the Reorganized Debtor shall file, within 45 days after the date of this Order, a status report detailing the actions taken and the progress made toward the consummation of the Plan.  Reports shall be filed thereafter every January 15th, April 15th, July 15th, and October 15th until a Final Decree has been entered.

14. Case Closing. The Reorganized Debtor shall file an application for a Final Decree closing this case not later than six calendar months from the date of this Order.  Nothing shall prejudice the Reorganized Debtor from seeking an extension of this deadline for cause.  If the

Reorganized Debtor fails to seek a Final Decree within six calendar months from the date of this Order and it has not obtained an extension by Order of the Court, the Clerk shall so advise the Judge and an order to show cause may be issued.

15.     The Debtor or Reorganized Debtor shall pay all fees due pursuant to 28 U.S.C. §1930 and 31 U.S.C. §3717 on or prior to the Effective Date and thereafter until the entry of (i) a Final Decree closing these cases or (ii) an order dismissing or converting these cases to cases under Chapter 7 of the Code. Such fees shall be payable in accordance with 28 U.S.C. Section 1930 and shall be the obligation of the Reorganized Debtors.

16.     This Court hereby retains jurisdiction pursuant to and for the purposes of Sections 105, 1127 and 1142 of the Code and provided in the Plan, and for such other purposes as may be necessary and useful to aid in the confirmation, consummation and implementation of the Plan, including but not limited to the following:

   a. to determine all controversies relating to or concerning the allowance of Claims upon objection to such Claims by the Reorganized Debtor;

   b. to determine requests for payment of Claims entitled to priority under Section 507(a) of the Code, including any and all applications for compensation for professional and similar fees;

   c. to determine any and all applications, adversary proceedings, and contested or litigated matters over which the Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C Sections 157 and 1334;

   d. to determine all disputed, contingent or unliquidated Claims;

   e. to modify the Plan pursuant to Section 1127 of the Code or to remedy any defect or omission or reconcile any inconsistencies in the Plan or this Order to the extent authorized by the Code;

   f. to resolve any controversies and disputes regarding the interpretation and enforcement of any other orders entered in the chapter 11 case;

   g. to resolve controversies and disputes regarding the interpretation or enforcement of the terms of the Plan, or any of the agreements or instruments issued under or

      relating to the Plan;

    h. pursuant to and for the purposes of Sections 105, 1127 and 1142 of the Code and for such other purposes as may be necessary and useful to aid in the confirmation, consummation and implementation of the Plan; and

    i. to enter a final decree closing the chapter 11 case.

17.    This Order is a judgment for purposes of Fed. R. Civ. P. 58 and Bankruptcy Rule 9021 and shall be effective upon entry. The period in which an appeal or motion for reconsideration must be filed shall commence immediately upon the entry of this Order on the docket of the chapter 11 cases maintained by the clerk of the Court. Notwithstanding Bankruptcy Rules 7062 or 3020(e), this Order shall be effective and enforceable immediately upon entry and the 14-day stay provided for under Rule 3020(e) of the Bankruptcy Rules shall not be applicable

NO OBJECTION:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Alicia M. Leonhard*
    Alicia M. Leonhard
    Trial Attorney

Dated: January 29, 2024



**Dated: January 30, 2024**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
U.S. Bankruptcy Judge